## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, MICHAEL R. O'CALLAGHAN, a Special Agent with the Federal Bureau of Investigation ("FBI"), having been duly sworn, depose and state as follows:

1. This affidavit is submitted in support of an application for a criminal complaint against **Wesam Al Delaema**, also known as Wesam Khalaf Chayed Delaeme, a Dutch citizen, born in Fallujah, Iraq, on February 15, 1973, currently in Dutch custody, for violations of 18 U.S.C. § 2332(b)(2) (Conspiracy to Murder a United States National Outside the United States), 18 U.S.C. § 2332a(a)(1)&(3) (Conspiracy to Use a Weapon of Mass Destruction), 18 U.S.C. § 924(c) and 2 (Possession of a Destructive Device During a Crime of Violence and Aiding and Abetting an Act to be Done) and 18 U.S.C. § 924(o) (Conspiracy to Possess a Destructive Device During a Crime of Violence).

## Affiant's Experience

2. Affiant has been a Special Agent with the FBI since 2002, and is currently assigned to the Counterterrorism Squad CT-2, Counterterrorism Division, Washington Field Office.

3. Affiant has reviewed information, reports and evidence from other federal and foreign law enforcement officials. The statements contained in this affidavit are based on affiant's review of documents and evidence, or reliable information provided to affiant by other law enforcement personnel. This affidavit is being submitted for the limited purpose of securing a criminal complaint. Affiant is setting forth only those facts and circumstances which he believes are necessary to establish probable cause for the issuance of the requested criminal complaint.

## Factual Basis for Probable Cause

4. Based on affiant's review, the following facts, among others not included for the purpose of this affidavit, are known:

   a. On or about May 2, 2005, the home of **Wesam Al Delaema**, also known as Wesam Khalaf Chayed Delaeme (hereinafter "**Delaema**"), in Amersfoort, Netherlands, was searched by Dutch law enforcement authorities. Among the items that were recovered were videotapes and other visual recordings of the actions described in subparagraphs b, c and d below. Visual recordings were also recovered of numerous attacks against American and Coalition personnel in Iraq. Some of this footage appeared to be professionally produced and edited and other footage appeared to be unedited.

   b. In or about October 2003, **Delaema** traveled by car from his home in the Netherlands to Iraq. **Delaema** drove an Opel Omega that was registered to him at his home address in Amersfoort, Netherlands. **Delaema** videotaped portions of his travel to Iraq.

c. In or about October 2003, while in Iraq, **Delaema** traveled to an area near Fallujah, Iraq, where he met with at least six other individuals. **Delaema** and his associates, each of whom wore a hooded mask over his head, created a video of their meeting. During the meeting, **Delaema** gave a speech in Arabic in which he said that they were the "Fighters of Fallujah." **Delaema** stated that they had a plan for when the Americans enter Fallujah. **Delaema** stated that they had mines in place, which they could detonate by remote control. **Delaema** further stated that they will attack the Americans that day. **Delaema** claimed that they have done many attacks and that they were successful. Several of the other members of the group made similar statements in Arabic that were videotaped.

d. In or about October 2003, while in or around Fallujah, Iraq, **Delaema** and several associates went during the night to a dirt and gravel road where they videotaped themselves uncovering two artillery shells and detonating cords buried in the road. As they uncovered the explosives, **Delaema** and his associates discussed the following: (i) that they had placed the bombs 50 meters apart to hit more than one vehicle; (ii) that the American vehicles typically travel along the route where the explosives are buried; (iii) that they would be able to detonate the explosives from 500 meters away with a remote control; and (iv) that the explosives can destroy armored vehicles. One of **Delaema**'s associates also stated, "Destroying America is worth any price." After they uncovered each artillery shell and each segment of detonating cord and explained its significance while being videotaped, **Delaema** and his associates re-covered each artillery shell and each segment of detonating cord with dirt and gravel, so that they would remain buried.

e. The artillery shells that **Delaema** and his associates uncovered and then re-covered in the dirt and gravel road, and which they videotaped, each meet the definition for a destructive device under 18 U.S.C. § 921(a)(4).

f. Between in or about October 2003 and May 2, 2005, **Delaema** traveled from the Netherlands to Iraq on several occasions.

g. Between in or about October 2003 and May 2, 2005, during periods of time when **Delaema** was in the Netherlands, he had numerous telephone conversations with various individuals, known and unknown, in Iraq. Many of these telephone conversations were intercepted and recorded by Dutch law enforcement authorities under lawful authority permitting a wiretap. During several of these conversations, **Delaema** encouraged other individuals to videotape attacks against the Americans and to provide **Delaema** with the videotapes. **Delaema** on at least one occasion promised to provide camera equipment to an individual in Iraq for the purpose of filming attacks against the Americans. During at least one of his conversations, **Delaema** expressed

       a desire to cause harm to a person or persons who had collaborated with the Americans or betrayed "the resistance." During at least one conversation, **Delaema** discussed with an individual in Iraq the need to support financially the family of a "martyr."

    h.    On or about May, 2, 2005, **Delaema** was arrested by Dutch law enforcement authorities. Since his arrest, **Delaema** has made statements to police, after being advised that he was under no obligation to answer questions. **Delaema** admitted that he has traveled to Iraq several times and that he videotaped at least one of his trips. **Delaema** admitted that the night vision footage was taken in the area surrounding Fallujah about a year and a half before he was arrested and that he appeared in the video, wearing a mask. **Delaema** also admitted that the arms shown in the video were hidden to stop Americans and that they were explosives. In his statements to Dutch authorities, **Delaema** has denied culpability for his actions shown on the videotape by asserting a number of claims, each of which is clearly belied by the evidence on the videotape.

### Statutory Provisions

5.    a.    Title 18, United States Code, Section 2332(b)(2) makes unlawful a conspiracy by two or more persons to murder a national of the United States outside the United States, so long as one or more persons do any overt act to effect the object of the conspiracy.

    b.    Title 18, United States Code, Section 2332a(a)(1) makes it unlawful to use, threaten, attempt or conspire to use a weapon of mass destruction against a national of the United States while such national is outside the United States. Similarly, Title 18, United States Code, Section 2332a(a)(3) makes it unlawful to use, threaten, attempt or conspire to use a weapon of mass destruction against any property that is owned, leased or used by the United States or by any department or agency of the United States, whether the property is within or outside of the United States. Under Title 18, United States Code, Section 2332a(c)(2), a "weapon of mass destruction" is defined to include any "destructive device," as defined in 18 U.S.C. § 921.

    c.    Title 18, United States Code, Section 921(a)(4) defines "destructive device" to include "any explosive, incendiary, or poison gas (i) bomb, (ii) grenade, (iii) rocket having a propellant charge of more than four ounces, (iv) missile having an explosive or incendiary charge of more than one-quarter ounce, (v) mine, or (vi) device similar to any of the devices described in the proceeding clauses." In addition, a "destructive device" includes "any combination of parts either designed or intended for use in

    converting any device into a destructive device . . . and from which a destructive device may be readily assembled."

  d.  Title 18, United States Code, Section 924(c)(1)(A)&(B)(ii) prohibits a person, during and in relation to any crime of violence for which the person may be prosecuted in a court of the United States, from using or carrying a firearm, or from possessing a firearm in furtherance of any such crime, and provides additional punishment if the firearm so possessed is a destructive device.

  e.  Title 18, United States Code, Section 924(o) prohibits a person from conspiring to commit an offense under 18 U.S.C. § 924(c) and provides additional punishment if the firearm is a destructive device.

  f.  Under Title 18, United States Code, Section 3238, for an offense committed out of the jurisdiction of any particular district, where none of the offenders has a last known address in any district, such as the offenses described herein, venue is proper in the District of Columbia.

**Conclusion**

6. Based on the information set forth above it is respectfully submitted that there is probable cause to believe that **Wesam Al Delaema**, also known as Wesam Khalaf Chayed Delaeme, has committed Conspiracy to Kill a United States National Outside the United States, in violation of 18 U.S.C. § 2332(b)(2); Conspiracy to Use a Weapon of Mass Destruction, in violation of 18 U.S.C. § 2332a(a)(1)&(3); Possession of a Destructive Device During a Crime of Violence and Aiding and Abetting an Act to be Done, in violation of 18 U.S.C. §§ 924(c)(1)(A)&(B)(ii) and 2; and Conspiracy to Possess a Destructive Device During a Crime of Violence, in violation of 18 U.S.C. § 924(o). Affiant requests that a criminal complaint be issued charging **Wesam Al Delaema**, also known as Wesam Khalaf Chayed Delaeme, accordingly.

I declare under the penalty of perjury that the information provided above is true and correct.

Dated July ___, 2005.

_____
Michael R. O'Callaghan, Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me this___ day of July, 2005

_____
United States Magistrate Judge