IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 05-337 (PLF) |
| v.  : | |
| : | |
| WESAM AL DELAEMA, : | |
| also known as  : | |
| WESAM KHALAF CHAYED DELAEME, : | |
| : | |
| Defendant.  : | |

## PRETRIAL DETENTION ORDER

This matter came before the Court upon the motion of the United States to detain the defendant before trial pursuant to the Bail Reform Act, 18 U.S.C. § 3141 et seq. Having considered the factors enumerated in 18 U.S.C. § 3142(g), the factual proffer by the United States regarding the defendant's criminal history and lack of ties to the community, the arguments of counsel, and the record herein, in accordance with 18 U.S.C. § 3142(i)(1), the Court hereby makes the following findings of fact and statements of the reasons for detention, and issues the orders set forth below:

I.   LEGAL STANDARDS AND REASONS FOR THE DETENTION

On September 9, 2005, a U.S. District Court Grand Jury sitting in the District of Columbia returned the Indictment in the instant case, Criminal Number 05-337, charging the defendant , an Iraqi-born Dutch national, with the following charges: (1) Conspiracy to Murder a United States National Outside the United States, in violation of Title 18, United States Code, Section 2332(b); (2) Conspiracy to Use a Weapon of Mass Destruction, in violation of Title 18, United States Code, Section 2332a(a); (3) Conspiracy to Maliciously Damage or Destroy U.S. Government Property by Means of An Explosive, in violation of Title 18, United States Code, Sections 844(f)(2) and (n); (4) Possession of a Destructive Device During a Crime of Violence and Aiding and Abetting and

Causing an Act to be Done, in violation of Title 18, United States Code, Sections 924(c) and 2; (5) Conspiracy to Possess a Destructive Device During a Crime of Violence, in violation of Title 18, United States Code, Section 924(o); and (6) Teaching or Demonstrating the Making or Use of an Explosive with Intent to Further a Crime of Violence and Aiding and Abetting and Causing an Act to be Done, in violation of Title 18, United States Code, Sections 842(p) and 2 .

Under the Bail Reform Act, 18 U.S.C. § 3141 et seq., a person awaiting trial on a federal offense may either be released on personal recognizance or bond, conditionally released, or detained. 18 U.S.C. § 3142(a). The United States seeks defendant's pre-trial detention pursuant to 18 U.S.C. § 3142(e), which states that the Court shall order pre-trial detention, after a hearing pursuant to section 3142(f), upon a finding that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."

The statute creates a presumption that no condition or combination of conditions of release will reasonably assure the appearance of the person and the safety of the community (thus requiring detention), where probable cause has been found to believe the defendant committed certain enumerated offenses, including violations of 18 U.S.C. § 924(c) or an offense listed in 18 U.S.C. § 2332b(g)(5)(B), which includes violations of 18 U.S.C. §§ 2332(b), 2332a and 844(f)(2). Here, a grand jury has found probable cause to believe defendant has committed four such crimes:  Count 1, Conspiracy to Murder a United States National Outside the United States, in violation of Title 18, United States Code, Section 2332(b); Count 2, Conspiracy to Use a Weapon of Mass Destruction, in violation of Title 18, United States Code, Section 2332a(a); Count 3, Conspiracy to Maliciously Damage or Destroy U.S. Government Property by Means of An Explosive, in violation of Title 18,

United States Code, Sections 844(f)(2) and (n); and Count 4, Possession of a Destructive Device During a Crime of Violence and Aiding and Abetting and Causing an Act to be Done, in violation of Title 18, United States Code, Sections 924(c) and 2. Accordingly, under 18 U.S.C. § 3142(e), following a detention hearing, defendant must be detained unless he is able to provide evidence to rebut the presumption that there are no conditions or combination of conditions of release that will reasonably assure the appearance of defendant as required and the safety of any other person and the community.

The defendant does not contest the request for pretrial detention. Nor has the defendant put forward any evidence to rebut the statutory presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e).

## II.     FINDINGS OF FACT

In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the Court also has considered the following factors pursuant to 18 U.S.C. § 3142(g):

<u>The Nature and Circumstances of the Offense Charged, Including Whether the Offense is an Offense Listed in Section 2332b(g)(5)(B)</u>.

Defendant is charged in a six-count Indictment that alleges, <u>inter alia</u>, violations of 18 U.S.C. §§ 2332(b), 2332a and 844(f)(2), three federal terrorism offenses that expose him to more than ten years' imprisonment. This factor favors detention.

<u>The Weight of the Evidence Against the Person</u>.

This factor also favors detention. The United States has proffered that it possesses a videotape, recovered from defendant's home in the Netherlands, which shows a group of hooded

3

men who identify themselves as "*Mujahideen* from Fallujah." One of the individuals, although masked, has been identified as the defendant through burns and bandages on his right hand and by voice recognition by Dutch National Police Agency translators. Additionally, after his May 2, 2005, arrest in the Netherlands, the defendant admitted that he is that person in the video. On the video, defendant, with his associates, is seen discussing and demonstrating the way in which destructive devices that they had buried in and around Fallujah, Iraq, would be detonated, would destroy American vehicles driving on the road, and would kill the American occupants of those vehicles.

<u>History and Characteristics of the Person, Including –</u>

A.   <u>The Person's Character, Physical and Mental Condition, Family Ties, Employment, Financial Resources, Length of Residence in the Community, Community Ties, Past Conduct, History Relating To Drug or Alcohol Abuse, Criminal History, and Record Concerning Appearance at Court Proceedings</u>.

Defendant was born in Fallujah, Anbar, in Iraq, on February 15, 1973. He is a Dutch national with no legal status in this country and no known ties to Washington, D.C. The United States has informed the Court that, on January 18, 1993, defendant was convicted of Illegal Entry, in the District Court of Mytilini, in the Republic of Greece. He was sentenced to eight (8) months in prison, and his sentence subsequently was reduced to six (6) months' incarceration.

Defendant has been incarcerated in the Netherlands since his arrest on May 2, 2005, including during the entire pendency of the extradition request, transmitted by the United States in September 2005, seeking to bring defendant here to face the charges in the Indictment.

Collectively, these factors weigh in favor of detention.

> B. <u>Whether, at the Time of the Current Offense or Arrest, the Person Was on Probation, on Parole, or on other Release Pending Trial, Sentencing, Appeal, or Completion of Sentence for an Offense under Federal, State, or Local Law</u>.

Defendant has no prior convictions under federal, state, or local law in the United States. There is no indication he was on probation, parole, or otherwise on court-ordered supervision during the time frame alleged in the Indictment.

> <u>The Nature and Seriousness of the Danger to Any Person or the Community That Would Be Posed By the Person's Release</u>.

The Indictment alleges that, before his arrest in the Netherlands in May 2, 2005, defendant was involved in planning terrorist attacks using improvised explosive devices (IEDs) on Americans in Iraq. Specifically, it is alleged that defendant traveled from his home in the Netherlands to Fallujah, Iraq, where he joined a group that called itself "*Mujahideen* from Fallujah." It is further alleged that the defendant and his co-conspirators created a videotape, which defendant maintained in his home, that shows defendant and the other "*Mujahideen* from Fallujah" discussing and demonstrating the way in which IEDs that they had buried in and around Fallujah, Iraq, would be detonated, would destroy American vehicles driving on the road, and would kill the American occupants of those vehicles. This factor therefore weighs in favor of detention.

### III. CONCLUSION AND ORDER

Having considered all of the foregoing, as well as the representations by counsel, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the public's safety and the defendant's appearance in court as required. <u>See</u> 18 U.S.C. § 3142(e), (f). Pretrial detention without bond is therefore warranted in this case. Accordingly,

It is hereby **ORDERED** that defendant WESAM AL DELAEMA, also known as WESAM KHALAF CHAYED DELAEME, is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal (18 U.S.C. § 3142(i)(2)).

It is further **ORDERED** that defendant shall be afforded reasonable opportunity for private consultation with counsel (18 U.S.C. § 3142(i)(3)).

It is further **ORDERED** that, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding (18 U.S.C. § 3142(i)(2)).

IT IS SO ORDERED.

_____
PAUL L. FRIEDMAN
UNITED STATES DISTRICT COURT JUDGE

_____
Date

Copies to:

All counsel of record.