UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 05-337 (PLF) |
| v. : | |
| : | |
| WESAM AL DELAEMA, : | |
| also known as : | **FILED** |
| WESAM KHALAF CHAYED DELAEME, : | |
| : | FEB 1 2 2007 |
| Defendant. : | |
| | NANCY MAYER WHITTINGTON, CLERK |
| | U.S. DISTRICT COURT |

## ORDER

The defendant having sought a continuance under 18 United States Code §§ 3161(h)(8)(A) and 3161(h)(8)(B)(ii) to exclude time under the Speedy Trial Act, and the Court having granted that continuance on the record during the February 5, 2007, status hearing in this case, the Court hereby issues the following written findings:

1.  Defendant stands charged by indictment with the following offenses: (1) Conspiracy to Murder a United States National Outside the United States, in violation of Title 18, United States Code, Section 2332(b); (2) Conspiracy to Use a Weapon of Mass Destruction, in violation of Title 18, United States Code, Section 2332a(a); (3) Conspiracy to Maliciously Damage or Destroy U.S. Government Property by Means of An Explosive, in violation of Title 18, United States Code, Sections 844(f) and (n); (4) Possession of a Destructive Device During a Crime of Violence and Aiding and Abetting and Causing an Act to be Done, in violation of Title 18, United States Code, Sections 924(c) and 2; (5) Conspiracy to Possess a Destructive Device During a Crime of Violence, in violation of Title 18, United States Code, Section 924(o); and (6) Teaching or Demonstrating the Making or Use of an Explosive with Intent to Further a Crime of Violence and Aiding and Abetting and Causing an Act to be Done, in violation of Title 18, United States Code, Sections 842(p) and 2.



2. At the status hearing on February 5, 2007, the defendant, through counsel, sought the continuance and exclusion of a period of approximately three months under the Speedy Trial Act. Defense counsel informed the Court that the case involves indicted extraterritorial offenses alleged to have been committed in Iraq by defendant, an Iraqi-born Dutch national. The defense further represented that evidence and witnesses essential to the defense's pre-trial investigation may exist in at least two foreign countries, Iraq and the Netherlands. In addition, the United States has produced to the defense several hundred pages of discovery, approximately one hundred hours of wiretapped telephone conversations (most of which are in Dutch or Arabic), and several hours of video (most of which are in Dutch or Arabic), including video materials recovered from a search of defendant's home in Amersfoort, Netherlands, and defendant's statements to Dutch law enforcement.

3. The United States does not object to the requested exclusion of time under the Speedy Trial Act, pursuant to 18 United States Code §§ 3161(h)(8)(A) and 3161(h)(8)(B)(ii), for the period until the next status hearing, scheduled for April 19, 2007.

4. The Court inquired of the defendant whether he understood his counsel's request for an exclusion of time under the Speedy Trial Act and the reasons for the requested delay. The defendant notified the Court that he agreed with his counsel's request and that he understood the reasons for the requested exclusion of time. The Court accepts, relies upon and specifically incorporates the parties' representations regarding the complex nature of the case made on the record at the status hearing on February 5, 2007.

5. Based on the complexity of offenses, the nature of the prosecution, the fact that the possible penalties include life imprisonment, the voluminous discovery materials produced to date, and the facts that the offense are alleged to have occurred outside the United States and the majority

of the witnesses reside abroad, the Court finds that this case is both "unusual" and "complex" within the meaning of 18 United States Code § 3161 (h)(8)(B)(ii), and that it is unreasonable to expect adequate preparation for pretrial proceedings, and for the trial itself, within the time limits established by the Speedy Trial Act.

6.      Accordingly, pursuant to 18 United States Code §§ 3161(h)(8)(A) and 3161(h)(8)(B), the Court finds that the ends of justice are served by granting the defendant's request for the period until the next scheduled status hearing in the case, a period of approximately three months, to be excluded from calculation under the Speedy Trial Act. The Court further finds that the ends of justice outweigh the best interest of the public and the defendant in a speedy trial.

Therefore, as ruled by the Court at the status hearing held on February 5, 2007,

it is hereby ORDERED, that, in accordance with 18 United States Code §§ 3161 (h)(8)(A), and (h)(8)(B)(ii), the period of time from February 5, 2007, until April 19, 2007, shall be excluded from the computation of time within which to commence trial for the defendant under the Speedy Trial Act.

_____
PAUL L. FRIEDMAN
UNITED STATES DISTRICT JUDGE

_____
Date

cc:     All counsel of record