UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 05-337 (PLF) |
| v. : | |
| : | |
| WESAM AL DELAEMA, : | |
| also known as : | **FILED** |
| WESAM KHALAF CHAYED DELAEME, : | |
| : | APR 2 7 2007 |
| Defendant. : | |
| : | NANCY MAYER WHITTINGTON, CLERK |
| ORDER | U.S. DISTRICT COURT |

By Order filed February 12, 2007, the Court has previously excluded from the computation of time within which to commence trial for the defendant under the Speedy Trial Act the period of time from February 5, 2007, until April 19, 2007, in accordance with 18 United States Code §§ 3161(h)(8)(A), and (h)(8)(B)(ii). The defendant having sought a further continuance under 18 United States Code §§ 3161(h)(8)(A) and 3161(h)(8)(B)(ii) to exclude time under the Speedy Trial Act, and the Court having granted that continuance on the record during the status hearing in this matter held on April 25, 2007, the Court hereby issues the following written findings:

1.  Defendant stands charged by indictment with the following offenses: (1) Conspiracy to Murder a United States National Outside the United States, in violation of Title 18, United States Code, Section 2332(b); (2) Conspiracy to Use a Weapon of Mass Destruction, in violation of Title 18, United States Code, Section 2332a(a); (3) Conspiracy to Maliciously Damage or Destroy U.S. Government Property by Means of An Explosive, in violation of Title 18, United States Code, Sections 844(f) and (n); (4) Possession of a Destructive Device During a Crime of Violence and Aiding and Abetting and Causing an Act to be Done, in violation of Title 18, United States Code, Sections 924(c) and 2; (5) Conspiracy to Possess a Destructive Device During a Crime of Violence,

in violation of Title 18, United States Code, Section 924(o); and (6) Teaching or Demonstrating the Making or Use of an Explosive with Intent to Further a Crime of Violence and Aiding and Abetting and Causing an Act to be Done, in violation of Title 18, United States Code, Sections 842(p) and 2.

2. At the status hearing on April 25, 2007, the defendant, through counsel, sought the further continuance and exclusion under the Speedy Trial Act of the period until the next status hearing, scheduled for July 3, 2007. Defense counsel reiterated that the case involves indicted extraterritorial offenses alleged to have been committed in Iraq by defendant, an Iraqi-born Dutch national. The defense also reiterated that evidence and witnesses essential to the defense's pre-trial investigation may exist in at least two foreign countries, Iraq and the Netherlands. Defense counsel informed the Court of an upcoming trip to the Netherlands planned as part of the defense's pre-trial investigation. In addition, since the prior status hearing, held on February 5, 2007, the United States has produced to the defense more than 6,000 pages of documents, including translations of wiretapped telephone conversations. This material is in addition to the voluminous audio, video and documentary materials that the United States had produced to the defendant prior to the previous status hearing.

3. The United States does not object to the requested exclusion of time under the Speedy Trial Act, pursuant to 18 United States Code §§ 3161(h)(8)(A) and 3161(h)(8)(B)(ii), for the period until the next status hearing, scheduled for July 3, 2007.

4. The Court inquired of the defendant whether he understood his counsel's request for an exclusion of time under the Speedy Trial Act and the reasons for the requested delay. The defendant notified the Court that he agreed with his counsel's request and that he understood the reasons for the requested exclusion of time. The Court accepts, relies upon and specifically

incorporates the parties' representations regarding the complex nature of the case made on the record at the status hearings held on February 5, 2007 and April 25, 2007.

5.      Based on the complexity of offenses, the nature of the prosecution, the fact that the possible penalties include life imprisonment, the voluminous discovery materials produced to date, and the facts that the offense are alleged to have occurred outside the United States and the majority of the witnesses reside abroad, the Court continues to find that this case is both "unusual" and "complex" within the meaning of 18 United States Code § 3161 (h)(8)(B)(ii), and that it is unreasonable to expect adequate preparation for pretrial proceedings, and for the trial itself, within the time limits established by the Speedy Trial Act.

6.      Accordingly, pursuant to 18 United States Code §§ 3161(h)(8)(A) and 3161(h)(8)(B), the Court finds that the ends of justice are served by granting the defendant's request for the period until the next scheduled status hearing in the case, a period of less than three months, to be excluded from calculation under the Speedy Trial Act. The Court further finds that the ends of justice outweigh the best interest of the public and the defendant in a speedy trial.

Therefore, as ruled by the Court at the status hearing held on April 25, 2007,

it is hereby ORDERED, that, in accordance with 18 United States Code §§ 3161 (h)(8)(A), and (h)(8)(B)(ii), the period of time from April 19, 2007 until July 3, 2007, shall be excluded from the computation of time within which to commence trial for the defendant under the Speedy Trial Act.

_____
PAUL L. FRIEDMAN
UNITED STATES DISTRICT JUDGE

_____4/27/07_____
Date

cc:   All counsel of record