IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

WESAM AL DELAEMA,
  also known as
WESAM KHALAF CHAYED DELAEME,

       Defendant.

Criminal No. 05-337 (PLF)

**OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS**

# ATTACHMENT 2

**Nationale Recherche** (National Criminal Investigation Service)

- **National Police Force**
- **National Criminal Investigation Service**
- **Unit Randstad-North**
- **Team 2**

Subject          : Request for Order ex Article **126m/n** of the Code of Criminal Procedure (Order to Provide Information, chronological history printout) with reference to telephone number ▮▮▮▮▮ used by W. Al Delaema.

Official report no.   :

---

## OFFICIAL REPORT

I, Marinus Lijesen, police sergeant, employed by the aforementioned unit, state the following:

### Information

The Director of the Military Intelligence and Security Agency sent an Official Report to the National Public Prosecutor with information that a Dutch citizen of Iraqi origin, Mr. **Wesam Al Delaema**, residing at ▮▮▮▮▮ Amersfoort, may have been involved both in actions against coalition troops in Iraq, and in the kidnapping and murder of American businessman Nicolas Berg in Iraq on or about May 11, 2004.

The report continues as follows: "A short time before the murder, Mr. Delaema told someone on the telephone to "pay close attention to the Internet and TV in the next few days." On May 11, 2004 images of Mr. Berg and his five kidnappers/murderers were shown worldwide on TV. Mr. Delaema has been identified in one of these pictures, which were published as color photos (attached) on the Internet, recognized by his posture and bearing as the person on the far right side of the photo in question."

The Deputy Chief of the General Intelligence and Security Agency also sent to the National Public Prosecutor an Official Report that a man who is a naturalized Dutch citizen, named **Wesam Al Delaema**, born on ▮▮▮▮▮ 1973, in Fallujah, Iraq, and who, according to the GBA (Municipal Citizen Registry) resides at ▮▮▮▮▮ Amersfoort, and travels regularly to his native country, Iraq, for periods of about three months, to fight,

---

Extension of Warrant ex Article 126m and n of the Code of Criminal Procedure

and is willing to die there as a martyr. Al Delaema first travels to Syria to buy weapons. After that, he travels to Iraq where he visits his city of birth, Fallujah. During one of his travels, he allegedly visited a training camp in Syria.

Al Delaema currently receives WAO (disability benefits). He pays his regular bills from these benefits. To pay for his travels to Iraq, he works "under the table" at the auto repair shop De Isselt, located at ███████████████ Amersfoort, and at the carwash located next door, De poetssalon at ███████████████ Amersfoort.

Al Delaema uses the mobile telephone number ███████████

Al Delaema recently had a brief relationship with a Dutch woman named Deborah ████, born on ███████████ in Meppel. ████ currently lives in Amersfoort, but is not listed officially with the GBA (Municipal Citizen Registry) of Amersfoort. According to the GBA (Municipal Citizen Registry), ████ officially resides at her old address, ███████████ Staphorst. ████ uses the mobile telephone number ███████████

### Investigation through police information system

An investigation through the police information system (Xpol) disclosed that the aforementioned Delaema poured gasoline on himself and set himself on fire during a protest against the United States of America and President Bush on May 2, 2003. He suffered from second and third-degree burns as a result.

### Internet investigation

The National Criminal Investigation Service initiated an Internet investigation through which personnel from this service found a short film on the following website.
http://www.mprofaca.cro.net/nick_berg.html

This short film shows Nick Berg sitting on the floor and five men standing behind him. They are wearing masks to hide their identity. Arabic text is read continuously throughout the film. After a short while, Nick Berg is pushed over, whereupon one of the men brings out a large knife while the other men hold Nick Berg down. Subsequently, the man holding the knife cuts Nick Berg's throat so that his head is separated from his body.

### Request

In view of what is stated in the aforementioned Official Reports, there is reason to suspect that Wesam Al Delaema has committed

---

Extension of Warrant ex Article 126m and n of the Code of Criminal Procedure

crimes defined in Articles 282, 282a, 289 in conjunction with 47 and 140a of the Code of Criminal Procedure (kidnapping, hostage-taking, murder and participation in a terrorist organization) and that he is currently using telephone number ▮▮▮▮▮

In order to obtain a clearer view of Al Dalaema's activities in the interest of this investigation, it is necessary to obtain knowledge of the content of his telecommunications and to track his telephone contacts and movements through this means of communication.

On these grounds, I, Public Prosecutor M.J. Ling, Esq, issue a court order, in accordance with Article 126m of the Code of Criminal Procedure, for surveillance of telephone communications via telephone number:

 T-Mobile

### Execution of Telecommunications Surveillance

The special surveillance of telecommunications will be performed by one or more criminal investigators during the period of:

**September 1, 2004 through September 28, 2004.**

### Execution of Order to Provide Information

This Order is to be executed by everyone employed by a provider acting in accordance with the Law on Telecommunication Provisions by virtue of:

- An Authorization as provided in Article 3, first section of this law;
- an Infrastructure Permit as provided in Article 3a, first section of this law;
- a Permit as defined in Article 13a as a Temporary Permit, as provided in Article 13i of this law;
- an Authorization as provided in Chapter III of this law, when a telecommunications device functions as a service provider for the public;

shall furnish all requested information regarding the abovementioned traffic to the Public Prosecutor, through the intermediary of the regional police of Amsterdam/Amstelland, in accordance with Article 126n of the Code of Criminal Procedure.

The information to be provided pertains to the period:

**from January 1, 2004 to the present** (chronological history printout).

---

Extension of Warrant ex Article 126m and n of the Code of Criminal Procedure

T-06140

The information should be made available to:

    National Police Service
    National Criminal Investigation Service
    Unit Randstad-North
    Location Amsterdam
    Telephone number  : ▮
    Fax number  : ▮

## Appendices

The following are added as an appendix to this Official Report:

Photocopies of the Official Reports
Two colored prints of film fragments.

This Official Report was prepared upon oath, completed and signed by me in Amsterdam on September 1, 2004.

The reporting officer,

M. Lijesen

---

Extension of Warrant ex Article 126m and n of the Code of Criminal Procedure

**Office of the Public Prosecutor**
**Unit Randstad-North**

### Warrant for Surveillance of Telecommunications (Art. 126n Sv)

Public Prosecutor's Office number: **13/847050-04**

The Public Prosecutor from the **Office of the Public Prosecutor**;

In view of the facts and/or circumstances which were discovered by the investigation and which are set forth in the Official Report of September 1, 2004 issued by the **National Criminal Investigation Service – Unit Randstad-North Team 2**;

Considering that, with respect to the suspect
[x] name:           **Al Delaema**
    first names:    **Wesam**
    born on:        ▮▮▮▮▮▮▮ 1973 in: **Fallujah**
    residing at:    3892 XG Amersfoort, ▮▮▮▮▮

it is presumed that the latter has committed the crime/crimes stated hereinafter:

1.
SR 289          SR 47/1/1
2.
SR 282/1        SR 47/1/1
3.
SR 282A/1
4.
SR 140/1

Considering that this concerns a crime or crimes as described in Article 67, first section of the Code of Criminal Procedure which, given their nature or in connection with other crimes committed by the suspect, result(s) in a serious violation of the legal order;

Considering that the investigation urgently requests that special surveillance authority be used to record communications;

Considering that the individual user of the telecommunications device is identified by means of the number ▮▮▮▮▮

[x] Considering that the aforementioned number is in use by the abovementioned suspect.

In accordance with the Authorization to Record Communications granted by the Public Prosecutor dated **September 10, 2004**;

In accordance with Article 126m of the Code of Criminal Procedure;

T-06141

Ordered that a telecommunications surveillance official, as defined in Article 126m, second paragraph, of the Code of Criminal Procedure, identified by na assigned number, shall record with technical equipment, for a maximum period of four weeks, this period ending on October 07 2004;

Schiphol, September 10, 2004

the Public Prosecutor,
**M.J. van Ling Esq.**

On her behalf,

the Public Prosecutor
**J. Plooy**
[signature]

T-06142

**Office of the Public Prosecutor**

### Extract of Warrant for Surveillance of Telecommunications (Art. 126m Sv)

To **T-Mobile**, in its capacity as provider of a public telecommunications network or of public telecommunications services as defined by the Telecommunications Law.

Public Prosecutor's Office number: **13/847050-04**

The Public Prosecutor from the **Office of the Public Prosecutor**;

Considering that an investigation is being conducted under his supervision, and that this investigation urgently requires that special surveillance powers be used to record telecommunications;

Considering that said telecommunications take place through a connection which can be identified by the number: ▇▇▇▇▇▇▇

In view of the Authorization dated **September 10, 2004**, granted by the Court to record telecommunications;

Orders that a criminal investigator shall record the telecommunications occurring through the aforementioned number, as provided by the second paragraph of Article 126m of the Code of Criminal Procedure, by technical means, for a maximum period of 4 weeks ending on **October 7, 2004 at 3 a.m.**;

### Order to Provide Information (Art. 126n Sv)

To **T-Mobile**, in its capacity as provider of a public telecommunications network or of public telecommunications services as described by the Telecommunications Law.

Given the abovementioned Extract of the Warrant ex Article 126m of the Code of Criminal Procedure and considering that the requirements set forth in Article 126m of the Code of Criminal Procedure with respect to the nature and seriousness of the fact(s) have been fulfilled;

Considering that it is ordered in the interest of the investigation to provide information with respect to all traffic which took place through a public telecommunications network and/or by making use of public telecommunication services, and presuming that the suspect(s) has/have participated in the incoming and outgoing traffic of the number mentioned in the extract above;

In accordance with Article 126n of the Code of Criminal Procedure;

Orders that everyone who is employed by a public telecommunications network provider and/or a public telecommunications services provider as defined by the Telecommunications Law shall furnish all required information regarding said traffic to the Public Prosecutor through the intermediary of the National Criminal Investigation Service – Unit Randstad-North Team 2;

T-06143

It is decided that this Warrant shall be contemporaneous with the abovementioned authorized Warrant for Surveillance of Telecommunications.

**Schiphol, September 10, 2004**

Public Prosecutor,

**M. J. van Ling Esq.**

On her behalf,

Public Prosecutor
**J. Plooy**
[signature]

T-06144