IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

       Criminal No. 05-337 (PLF)

    v.

WESAM AL DELAEMA,
  also known as           :
   WESAM KHALAF CHAYED DELAEME,  :
                                  :
      Defendant.

**OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS**

# ATTACHMENT 4

Nationale Recherche (National Criminal Investigation Service)

- **National Police Force**
- **National Criminal Investigation Service**
- **Unit Randstad-North**
- **Team 2**

| | |
|---|---|
| Subject | Request for Extension of Warrant ex Article **126m** and **126n** of the Code of Criminal Procedure (investigation of Telecommunications and Order to Provide Information) |
| Telephone no. | ████████, in use by Wesam Al Delaema |
| No. of office of Public Prosecutor : | 13/847050-04 |
| Official report no. | |

## OFFICIAL REPORT

We, Charlotte Annemarie van Kempen and Josephus Franciscus Johannes Maria de Greef, both tactical investigators employed by the aforementioned division, state the following:

**Previously issued Order**

On September 10, 2004, the Public Prosecutor of the Office of the Public Prosecutor, M.J. van Ling, Esq., under no. of the Office of the Public Prosecutor 13/847050-04, issued the Order to Investigate Telephone Communications and the Order to Provide Information at the number ████████ in use by the suspect:

## WESAM AL DELAEMA

born in Fallujah (Iraq) on ████████ 1973, residing at ████████████ in Amersfoort.

because he allegedly committed the crimes described in Article 289 in conjunction with 47, par. 1 under 1, and/or 282, par. 1 in conjunction with 47, par. 1 under 1 and/or 282A and/or 140a of the Penal Code. These are crimes, as defined by Article 67, par. 1 of the Code of Criminal Procedure,

---

T-06177

which constitute a serious violation of the legal order given their nature or in connection with other crimes committed by the suspect.

The Warrant for Surveillance of Telephone Communications and the Order to Provide Information have since been extended until November 3, 2004.

### Pertinent telephone conversations

On October 8, 2004 at 8.07 p.m., Wesam was in contact with a certain Kahtan (00424). In this conversation, Kahtan spoke about someone who was "slaughtered", to which Wesam said, he hopes that Allah will consider "him" a martyr.

On October 11, 2004, at 7.47 p.m., Wesam contacted Hosam (00470). Wesam indicated in this conversation that the police are tapping his phone line.

On October 12, 2004, at 6.07 p.m., Wesam was in contact with an Anonymous Man (00488). They discussed problems in Kahtan's family; they talked about a girl who was killed. It is not clear if the girl belongs to Kahtan's family. Additionally, they said that Kirkuk is "their" capital.

On October 13, 2004, at 3.06 p.m., Wesam was in contact with the anonymous Jossi (00496).

Comment:      It has since been established that (Joost) Jitze Edward Mulder is the anonymous Jossi.

Mulder wanted Wesam to help him solve a problem. It has to do with money, said Joost. It's not about 10 euros or something, but about a million, two million Euros. Wesam suggests beating "him" thoroughly, but Joost does not think this is enough. Joost wants him to die. Wesam agreed to solve the problem today or in two weeks, when he's back from Poland. Joost thinks today is too soon, he needs to figure out some things first.

Later in the conversation, Joost asked Wesam when he came back from Iraq. Wesam answered that he returned a few weeks ago. Joost asked if nobody knows about him, which Wesam confirmed.

On October 14, 2004, at 10.32 p.m., Wesam was in contact with the anonymous Kifo (00527). They talked about a woman who is crazy about Wesam. However, Wesam will have nothing to do with her because he doesn't want her to see it on Al Jazeera when something happens to him later.

T-06178

On October 15, 2004, at 7.02 p.m., Wesam made a call. Before the connection was established, Wesam was talking to an unknown person in the background. Wesam told the unknown person: The negotiator, the person who is negotiating with them, the Americans, is a friend of mine.

On October 17, 2004, at 6.37 p.m., Wesam was in contact with Sinan. Sinan explained that he was searching for "Basra", "Ghetiarat" and "Fallujah" on the Internet but did not see any films. Subsequently, Wesam explained that the film exists and he [Sinan] has to look for "Aflam Elmoukawama/resistance".

On October 22, 2004, at 12.13 a.m., Wesam was in contact with Abu Mohamed in Iraq (00681). He was also in touch with his wife Zina during this conversation. Wesam asked if Zina wants to pick up films/recordings for him. Wesam wants to have films/recordings that are not shown on TV or the Internet. Wesam said that he's going to send someone to Zina to pick up the films.

On October 24, 2004, at 10.42 p.m., Wesam was in contact with his wife Zina (00742). During the conversation, Wesam asked how long it's been since they saw each other. Zina answered: "Five months and four days".

Comment:    Calculating back, this means that it was on May 20, 2004 that Wesam and Zina last saw each other. The historical printout list of phone numbers, which is mentioned in the previous extension, shows that the user of the mobile telephone number ████may have left the country on Saturday, April 10, 2004 from Schiphol airport and had apparently only returned on May 22, 2004. This is a strong indication that Wesam was, in fact, in Iraq during said period.

On October 26, 2004, at 6.31 p.m., Wesam was in contact with an unknown man, whom he called "doctor" (00772). He's going out to eat with that man that night.

On October 27, 2004, at 12.55 a.m., Wesam spoke with his wife Zina in Iraq (00776). Wesam indicated during this conversation that he went out to eat with Kahtan and an ambassador in Amsterdam. The ambassador has been an Iraqi ambassador to the United Nations and is their friend. Wesam had invited him, and the three went out together. The ambassador is a man with a lot of information. He has a "high personality" and has met the Tunisian, Syrian and Russian presidents. The man loves Fallujah "and that sort of thing" and was asked to fill the post of Iraqi ambassador to Russia. The man refused this, however, because he doesn't want to work for the new government.

Comment:    Investigations show that the doctor and the ambassador are one and the same person from the two conversations and goes by the name of Jaafar

T-06179

Kuder, born in Basra on July 1, 1939.

The conversations cited above reveal that Wesam al Delaema maintains direct and/or indirect contact, through his wife Zina, with people in Iraq who are apparently preparing confrontations between Iraqi movements and coalition troops on his behalf or at his request. Al Delaema seems to have been well informed about the political arena by the "doctor/ambassador" regarding the war in Iraq.

Additionally, it appears that al Delaema is willing to harm or even kill someone involved in a business dispute between Joost Mulder and unknown persons on Mulder's orders.

**Request to extend the Warrant for Special Surveillance Services**

It is necessary to continue monitoring the content of these communications in the interest of this investigation, by monitoring the telephone contacts and movements of the user of this means of communication.

On these grounds, I request that the Public Prosecutor, M.J. van Ling, extend the Warrant for Surveillance of Telephone Communications with regard to telephone number in accordance with Article 126m of the Code of Criminal Procedure.

**Telecom Provider**

An inquiry with the Central Information Point for Telecommunications Research (CIOT) shows that the telephone number ███████ is issued by the provider T-Mobile.

**Request for Order to Provide Information**

In the interest of this investigation it is necessary that information be obtained on all traffic taking place through the telecommunications network in which it is suspected that the aforementioned suspects have participated, in order to continue to follow telephone contacts and movements of the suspect.

On these grounds, I request that the Public Prosecutor, Ms. van Ling, Esq., order that all the requested information shall continue to be furnished with respect to said traffic in the period to be named hereinafter as per 'Execution of Telecommunication Investigations', in accordance with Article 126n of the Code of Criminal Procedure, regarding telephone number ███████

---

Extension of Warrant ex Article 126m and n of the Code of Criminal Procedure          4

T-06180

**Execution of Telecommunications Surveillance**

The special power of criminal investigation for surveillance of telecommunications will be executed by one or more criminal investigator(s) during the period: *(maximum 4 weeks)*

from:        November 3, 2004
until:        December 1, 2004

**Execution for the Order to Provide Information**

The Order is to be executed by everyone who is employed by a provider acting in accordance with the Law on Telecommunication Provisions by virtue of:

> ➢ an Authorization as provided in Article 3, first section of this law;
> ➢ an Infrastructure Permit as provided in Article 3a, first section of this law;
> ➢ a Permit as defined in Article 13a as a Temporary Permit, as provided in Article 13i of this law;
> ➢ an Authorization as provided in Chapter III of this law, when a telecommunications device functions as a service provider for the public;

shall furnish all requested information regarding the abovementioned traffic to the Public Prosecutor, through the intermediary of the regional police of Amsterdam/Amstelland, in accordance with Article 126n of the Code of Criminal Procedure.

The information should be made available to:

National Police Force
National Criminal Investigation Service
Unit Randstad-North
Team 2
Telephone number        : 
Fax number              :

**Addition**

The following documents are added to the Official Rreport:

Prepared under oath, Amsterdam, October 29, 2004.

The aforementioned reporting officer,

J.F.J.M. de Greef
[signature]

C.A. van Kempen
[signature]

---

Extension of Warrant ex Article 126m and n of the Code of Criminal Procedure

5

T-06181

**Office of the Public Prosecutor**

**Extension of Warrant for Surveillance of Telephone
Communications (Art. 126m Code of Criminal
Procedure**

No. of the Office of the Public Prosecutor: **10/000304-04**

The Public Prosecutor of the **Office of the Public Prosecutor;**

| | |
|---|---|
| Given | the Warrant for Surveillance of Telephone Communications in effect via number ▮▮▮▮▮▮▮▮ on **Sept. 10, 2004**, no. **10/000304-04** of the Office of the Public Prosecutor; |
| In view of | the facts and/or circumstances evident from this investigation and which are cited in the Official Report of the **National Criminal Investigation Service, Unit Randstad-North of October 29, 2004;** |
| Considering | that the abovementioned investigation shows that the suspect is being incriminated and the investigation results show that the suspect is having conversations of interest to the investigation; |
| Considering | that aforementioned Warrant needs to be extended on the aforementioned grounds; |
| In view of | the Authorization granted by the Public Prosecutor to extend the Warrant to Record Telephone Communications taking place via number ▮▮▮▮▮▮▮ of **November 2, 2004;** |
| In view of | Article 126m of the Code of Criminal Procedure; |
| Decides | that aforementioned Order is extended for a period of maximum four weeks, covering the period from **Nov. 3, 2004** until **Nov. 30, 2004;** |

**Schiphol, November 2, 2004**

The Public Prosecutor,
**M.J. van Ling, Esq.**
[signature]

T-06200

Office of the Public Prosecutor

**Extract of Warrant for Surveillance of Telephone Communications (Art. 126m of the Code of Criminal Procedure)**
**EXTENSION**

To **T-Mobile**, being the public telecommunications network provider or public telecommunications services provider as defined in the Telecommunications Law.

No. of the Office of the Public Prosecutor: **10/000304-04**

The Public Prosecutor of the **Office of the Public Prosecutor**;

| | |
|---|---|
| Given | the           or Surveillance of Telephone Communications taking place via number           f Sept. 10, 2004, no.10/000304-04 of the Office of the Public Prosecutor; |
| Considering | that aforementioned Warrant needs to be extended; |
| In view of | **the Authorization granted by the Public Prosecutor to extend the Warrant to Record Telephone Communications taking place via number ████████ of November 2, 2004;** |
| In view of | Article 126m of the Code of Criminal Procedure; |
| Decides | that aforementioned Warrant is extended for a period of maximum four weeks, covering the period from **Nov. 2, 2004 until Nov. 30, 2004;** |

Rotterdam, November 2, 2004

The Public Prosecutor,
**M.J. van Ling, Esq.**
[signature]

T-06201

**OFFICE OF THE PUBLIC PROSECUTOR,**
**UNIT RANDSTAD-NORTH**

[ ] change
[ ] supplement
[X] extension

### Order to Provide Traffic Data (Art. 126m of the Code of Criminal Procedure)

To **T-Mobile**, the public telecommunications network provider or public telecommunications services provider, as intended in the Telecommunications Law.

No. of the Office of the Public Prosecutor: **10/000304-04**

The Public Prosecutor of the abovementioned Office of the Public Prosecutor;

Given the Order to Provide Information of **November 2, 2004** with regard to the user of telephone number ▌▌▌▌▌▌▌▌▌

In view of the Official Report of **October 29, 2004** of the **National Criminal Investigation Service Unit Randstad-North**.

Considering that, in view of the facts and/or circumstances cited in the Official Report, the aforementioned order needs to be
[ ] changed;
[ ] supplemented;
[X] extended;

In accordance with Article 126n/u of the Code of Criminal Procedure;

Orders that the aforementioned order is
[ ] changed as follows...
[ ] supplemented as follows...
[X] extended for a period of 4 weeks, starting from **November 3, 2004** and ending on **November 30, 2004**;

**Schiphol, November 2, 2004,**

Public Prosecutor,
**M.J. van Ling**
[signature]

T-06202

Office of the Public Prosecutor

**Extension of the Warrant for Surveillance of
Telephone Communications (Art. 126m Code of
Criminal Procedure**

No. of the Office of the Public Prosecutor: **10/000307-04**

The Public Prosecutor of the **Office of the Public Prosecutor**;

Given             the for Surveillance of Telephone Communications taking place via  number ███
                  ██████ on Sept. 10, 2004, no. 10/000304-04 of Office of the Public
                  Prosecutor;

In view of        the facts and/or circumstances evident from the investigation and which are cited in
                  the Official Report of the **National Criminal Investigation Service, Unit
                  Randstad-North of October 29, 2004**;

Considering       that the abovementioned investigation shows that the suspect is being incriminated
                  and the investigation results show that the suspect is having conversations of
                  interest to the investigation;

Considering       that aforementioned Warrant needs to be extended on the aforementioned grounds;

    view of       the Authorization granted by the Public Prosecutor to extend the Warrant to Record
                  Telephone Communications taking place via number ███████████ of
                  November 2, 2004;

In view of        Article 126m of the Code of Criminal Procedure;

Decides           that aforementioned Warrant is extended for a maximum period of four weeks,
                  covering the period from **Nov. 3, 2004** until **Nov. 30, 2004**;

**Schiphol, November 2, 2004**

The Public Prosecutor,
**M.J. van Ling, Esq.**
[signature]

T-06203

**Office of the Public Prosecutor**

### Extract of Warrant for Surveillance of Telephone Communications (Art. 126m of the Code of Criminal Procedure)
### EXTENSION

To T-Mobile, being the public telecommunications network provider or public telecommunications services provider as intended in the Telecommunications Law,

No. of the Office of the Public Prosecutor: 10/000307-04

The Public Prosecutor of the Office of the Public Prosecutor;

| | |
|---|---|
| Given | the Warrant for Surveillance of Telephone Communications taking place via number ▮▮▮▮▮▮ of Sept. 10, 2004, no. **10/000304-04** of the Office of the Public Prosecutor; |
| Considering | that aforementioned Warrant needs to be extended; |
| In view of | the Authorization granted by the Public Prosecutor to extend the Warrant for Surveillance of Telephone Communications taking place through the number ▮▮ ▮▮▮▮ of **November 2, 2004**; |
| In view of | Article 126m of the Code of Criminal Procedure; |
| Decides | that aforementioned Warrant is extended for a maximum period of four weeks, covering the period from **Nov. 2, 2004** until **Nov. 30, 2004**; |

**Rotterdam, November 2, 2004**

The Public Prosecutor,
**M.J. van Ling, Esq.**
[signature]

**OFFICE OF THE PUBLIC PROSECUTOR,**
**UNIT RANDSTAD-NORTH**

[  ] **change**
[  ] **supplement**
[X] **extension**

**Order to Provide Traffic Data (Art. 126m of the Code of Criminal Procedure)**

To T-Mobile, the public telecommunications network provider or public telecommunications services provider, as intended in the Telecommunications Law.

No. of the Office of the Public Prosecutor: **10/000304-04**

The Public Prosecutor of the abovementioned Office of the Public Prosecutor;

Given the Order to Provide Information of **November 2, 2004** with regard to the user of telephone number █████████ ███

In view of the Official Report of **October 29, 2004** of the **National Criminal Investigation Service Unit Randstad-North**.

Considering that, in view of the facts and/or circumstances cited in the Official Report, the aforementioned Order needs to be
[  ] changed;
[  ] supplemented;
[X] extended;

In accordance with Article 126n/u of the Code of Criminal Procedure;

Orders that the aforementioned order is
[  ] changed as follows...
[  ] supplemented as follows...
[X] extended for a period of 4 weeks, beginning on **November 3, 2004** and ending on **November 30, 2004**;

**Schiphol, November 2, 2004,**

Public Prosecutor,
**M.J. van Ling**
[signature]

T-06205

**Nationale Recherche** (National Criminal Investigation Service)

- **National Police Force**
- **National Criminal Investigation Service**
- **Unit Randstad-North**
- **Team 2**

| | |
|---|---|
| Subject | Request for 3rd Extension of Warrant ex Article **126m** and **126n** of the Code of Criminal Procedure (Surveillance of Telecommunications and Order to Provide Information) |
| Telephone no. | ██████████ in use by Wesam Al Delaema |
| Official report no. | |

## OFFICIAL REPORT

I, Marinus Lijesen, tactical investigator, employed by the aforementioned department, state the following:

### Previously issued Warrant

On September 10, 2004, the Public Prosecutor of the Office of the Public Prosecutor, M.J. van Ling, Esq., under no. 13/847050-04 of the Office of the Public Prosecutor, issued a Warrant for Surveillance of Telephone Communications and an Order to Provide Information for the number ████████ in use by the suspect:

### WESAM AL DELAEMA

born in Fallujah (Iraq) on ██████ 1973, residing at ██████████████ in Amersfoort,

because he allegedly committed the crimes defined in Article 289 in conjunction with 47, par. 1 under 1, and/or 282, par. 1 in conjunction with 47, par. 1 under 1 and/or 282A and/or 140a of the Penal Code. These are crimes, as described in Article 67, par. 1 of the Code of Criminal Procedure, which constitute a serious violation of the legal order, given their nature or in connection with other crimes committed by the suspect.

---

Extension of Warrant ex Article 126m and n of the Code of Criminal Procedure

1

T-06206

**Further investigations**

Recorded and tapped phone conversations and surveillance activities reveal that Wesam Delaema departed for Iraq on November 7, 2004 via Turkey. He has remained there until the present day, however, he has telephone contact occasionally with Kahtan Al Naeme with whom he discusses the situation in Iraq. The conversations show, among other things, that the wife/girlfriend of Wesam, called Zina, has obtained a visa for the Netherlands. During this period, Wesam has briefly made use of his phone and no pertinent conversations have taken place through this phone connection.

## Request to extend the Warrant for Special Surveillance Services

It is anticipated that Wesam will return to the Netherlands and will immediately make use of his telephone and get in touch with Kahtan Al Naeme.

It is necessary to continue surveillance of the content of these communications in the interest of the investigation, by continuing to follow the telephone contacts and movements of the user of this means of communication.

On these grounds, I request that the Public Prosecutor, M.J. van Ling, extend the Warrant for Surveillance of Telephone Communications with regard to telephone number ███████████ in accordance with Article 126m of the Code of Criminal Procedure.

**Telecom Provider**

An inquiry with the Central Information Point for Telecommunications Research (CIOT) shows that the telephone number ████████ is issued by the provider T-Mobile.

**Request for the Order to Provide Information**

In the interest of the investigation it is necessary that information be obtained on all traffic taking place through the telecommunications network and in which it is suspected that the aforementioned suspects have participated, in order to continue to follow telephone contacts and movements of the suspect.

On these grounds, I request that the Public Prosecutor, Ms. van Ling, Esq., order that all the requested information shall continue to be furnished with respect to said traffic in the period to be named hereinafter as per 'Execution of Telecommunication Surveillance', in accordance with Article 126n of the Code of Criminal Procedure, regarding telephone number ████████

T-06207

**Execution for Surveillance of Telecommunications**

The special authority for surveillance of telecommunication will be performed by one or more criminal investigator(s) during the period: *(maximum 4 weeks)*

from:           November 30, 2004
until:          December 28, 2004

**Execution for the Order to Provide Information**

The Order is to be executed by everyone who is employed by a provider acting in accordance with the Law on Telecommunication Provisions by virtue of:

> ➤ an Authorization as provided in Article 3, first section of this law;
> ➤ an Infrastructure Permit as provided in Article 3a, first section of this law;
> ➤ a Permit as defined in Article 13a as a Temporary Permit, as provided in Article 13i of this law;
> ➤ an Authorization as provided in Chapter III of this law, when a telecommunications device functions as a service provider for the public;

shall furnish all requested information regarding the abovementioned traffic to the Public Prosecutor, in accordance with Article 126n of the Code of Criminal Procedure.

The information should be made available to:

National Police Force
National Criminal Investigation Service
Unit Randstad-North
Team 2
Telephone number           : 
Fax number

Prepared under oath, Amsterdam, October 25, 2004.

The reporting officer,

M. Lijesen
[signature]

Extension of Warrant ex Article 126m and n of the Code of Criminal Procedure

T-06208

Office of the Public Prosecutor

**Extension of the Warrant for Surveillance of Telephone Communications (Art. 126m Code of Criminal Procedure**

No. of the Office of the Public Prosecutor: 10/000304-04

The Public Prosecutor of the **Office of the Public Prosecutor;**

| | |
|---|---|
| Given | the _____ or Surveillance of Telephone Communications taking place via number _____ of November 2, 2004, no. 10/000304-04 of the Office of the Public Prosecutor; |
| In view of | the facts and/or circumstances evident from the investigation and which are cited in the Official Report of the **National Criminal Investigation Service, Unit Randstad-North** of November 25, 2004; |
| Considering | that the abovementioned investigation shows that the suspect is being incriminated and the investigation results show that the suspect is having conversations in the interest of the investigation; |
| Considering | that aforementioned Warrant needs to be extended on the aforementioned grounds; |
| In view of | the authorization granted by the Public Prosecutor to extend the Warrant to Record Telephone Communications taking place via number ██████████ of November 29, 2004; |
| In view of | Article 126m of the Code of Criminal Procedure; |
| Decides | that aforementioned Warrant is extended for a maximum period of four weeks, covering the period from **November 30, 2004 until December 28, 2004;** |

**Schiphol, November 29, 2004**

The Public Prosecutor,
**M.J. van Ling, Esq.**
[signature]

T-06209

Office of the Public Prosecutor

**Extract of Warrant for Surveillance of Telephone Communications (Art. 126m of the Code of Criminal Procedure)**
**EXTENSION**

To T-Mobile, being the public telecommunications network provider or public telecommunications services provider as intended in the Telecommunications Law.

No. of the Office of the Public Prosecutor: **10/000304-04**

The Public Prosecutor of the **Office of the Public Prosecutor;**

| | |
|---|---|
| Given | the ........ or Surveillance of Telephone Communications taking place via the number ........ f **November 2, 2004, no. 10/000304-04** of the Office of the Public Prosecutor; |
| Considering | that aforementioned Warrant needs to be extended; |
| In view of | the authorization granted by the Public Prosecutor to extend the Warrant for Surveillance of Telephone Communications taking place via number ███ ██ of **November 29, 2004;** |
| In view of | Article 126m of the Code of Criminal Procedure; |
| Decides | that aforementioned Warrant is extended for a maximum period of four weeks, covering the period from **November 30, 2004** until **December 28, 2004;** |

**Rotterdam, November 29, 2004**

The Public Prosecutor,
**M.J. van Ling, Esq.**
[signature]

T-06210

**OFFICE OF THE PUBLIC PROSECUTOR,**
**UNIT RANDSTAD-NORTH**

[ ] **change**
[ ] **supplement**
[X] **extension**

### Order to Provide Traffic Data (Art. 126m of the Code of Criminal Procedure)

To **T-Mobile**, the public telecommunications network provider or public telecommunications services provider, as defined in the Telecommunications Law.

No. of the Office of the Public Prosecutor: **10/000304-04**

The Public Prosecutor of the abovementioned Office of the Public Prosecutor:

Given the Order to Provide Information of **November 2, 2004** with regard to the user of telephone number ███████████

In accordance with the Official Report of **October 29, 2004** of the **National Criminal Investigation Service Unit Randstad-North.**

Considering that, in view of the facts and/or circumstances cited in the Official Report, the aforementioned order needs to be
[ ] changed;
[ ] supplemented;
[X] extended;

In accordance with Article 126n/u of the Code of Criminal Procedure;

Orders that the aforementioned order is
[ ] changed as follows…
[ ] supplemented as follows…
[X] extended for a period of 4 weeks, ending on **December 28, 2004;**


Schiphol, November 29, 2004,

Public Prosecutor,
**M.J. van Ling**
[signature]

T-06211

**Nationale Recherche** (National Criminal Investigation Service)

**National Police Force**
**National Criminal Investigation Service**
**Unit Randstad-North**
**Team 2**

Subject                         Request for Extension of Order ex Article **126m/n**
                                of the Code of Criminal Procedure with regard to
                                telephone number ███████████ in use by
                                Wesam Al Delaema

Official report no.

## OFFICIAL REPORT

I, Douwe Wijnand, police sergeant, employed by the aforementioned department, state the
following:

### Previously issued orders

On September 10, 2004, October 7, 2004, November 2, 2004 and November 29, 2004, the
Public Prosecutor of the Office of the Public Prosecutor, M.J. van Ling, Esq., issued
Warrant for Surveillance of Telephone Communications and an Order to Provide
Information at the number ██████████ in use by the suspect:

Wesam Al DELAEMA

born in Fallujah (Iraq) on          1973, residing at ████████████████ in
Amersfoort,

because he allegedly committed the crimes defined in Article 289 in conjunction with 47,
par. 1 under 1, and/or 282, par. 1 in conjunction with 47, par. 1 under 1 and/or 282A and/or
140a of the Penal Code. Those are crimes, as described in Article 67, par. 1 of the Code of
Criminal Procedure, which constitute a serious violation of the legal order given their
nature, or in connection with other crimes committed by the suspect.

---

Extension of Order ex Article 126m and n of the Code of Criminal Procedure

T-06212

## Findings of the Investigation

Recorded and tapped phone conversations and surveillance activity revealed that Wesam Delaema departed for Iraq on November 7, 2004 via Turkey. He has remained there until now, though he has been in telephone contact occasionally with Kahtan Al Naeme, with whom he discusses the situation in Iraq.

The conversations show, among other things, that the wife/girlfriend of Wesam AL DELAEMA, called Zina, has acquired a visa for the Netherlands.

With respect to the telephone numbers █████████and █████████ both in use by said Kahtan Al Naeme, the Public Prosecutor issued warrants ex Article 126m/n of the Code of Criminal Procedure, implying that communications conducted via the said telephone numbers is tapped and recorded by an official investigator.

On December 9, 2004, around 7.22 p.m., Kahtan Al Naeme          called the anonymous Mohamed (Iraq).
Al Naeme said that he can't reach Wesam or Zina and asked if Wesam is going to leave. Al Naeme said that it's the intention that Wesam would leave tomorrow. Mohammed said that Wesam was invited to eat somewhere.

On December 14, 2004, around 9.18 p.m., Kahtan Al Naeme (█████████ was called by the anonymous Faris.
The anonymous Faris asked if Wesam has arrived. Al Naeme said he didn't, and that Wesam hasn't called either. Faris said that it has been three days now since he left. Al Naeme said he does not know if he (Wesam) arrived in Syria or not.

## Request to Extend the Order for Special Surveillance Services

Given the fact that Wesam AL DELAEMA has been abroad from November 7, 2004 until the date of this Official Report, the telephone number█████████has not been used.

It is anticipated that when AL DELAEMA returns to the Netherlands, he will immediately make use of his telephone (█████████ and will contact Kahtan Al Naeme.

It is necessary to continue surveillance of the content of the communications in the interest of this investigation, by continuing to follow the telephone contacts and movements of the user of the means of communication.

On these grounds, I request that the Public Prosecutor, M.J. van Ling, extend the Warrant for Surveillance of Telephone Communications with

T-06213

regard to telephone number ▮▮▮▮▮▮, in accordance with Article 126m of the Code of Criminal Procedure.

An inquiry with the Central Information Point for Telecommunications Research (CIOT) shows that the telephone number ▮▮▮▮▮▮ is issued by the provider T-Mobile.

### Request for Order to Provide Information

In the interest of the investigation it is necessary that information be obtained on all traffic which took place via the telecommunications network and in which it is suspected that the aforementioned suspects have participated, in order to continue to follow telephone contacts and movements of the suspect.

On these grounds, I request that the Public Prosecutor, Ms. van Ling, Esq., order that all the requested information shall continue to be furnished with respect to said traffic in the period to be named hereinafter as per 'Execution of Telecommunications Investigations', in accordance with Article 126n of the Code of Criminal Procedure, regarding telephone number ▮▮▮▮▮▮

### Execution of Telecommunications Surveillance

The special investigatory power of surveillance of telecommunications will be performed by one or more criminal investigator(s) during the period: *(maximum 4 weeks)*

| | |
|---|---|
| from: | December 28, 2004 |
| until: | January 25, 2005 |

### Execution of the Order to Provide Information

This Order is to be executed by everyone who is employed by a provider acting in accordance with the Law on Telecommunication Provisions by virtue of:

➢ An Authorization as provided in Article 3, first section of this law;
➢ an Infrastructure Permit as provided in Article 3a, first section of this law;
➢ a Permit as defined in Article 13a as a Temporary Permit, as provided in Article 13i of this law;
➢ an Authorization as provided in Chapter III of this law, when a telecommunications device functions as a service provider for the public;

shall furnish all requested information regarding the abovementioned traffic to the Public Prosecutor, through the intermediary of the regional police of Amsterdam/Amstelland, in accordance with Article 126n of the Code of Criminal Procedure.

---

Extension Order ex Article 126m and n of the Code of Criminal Procedure

T-06214

The information should be made available to:

National Police Force
National Criminal Investigation Service
Unit Randstad-North
Team 2
Telephone number          : 
Fax number                : 

**Appendices:**

- 2 tapped conversations

This official report was prepared upon oath, which I completed and signed in Amsterdam on Thursday, December 23, 2004.


The reporting officer,

D. Wijnand
[signature]


Extension Order ex Article 126m and n of the Code of Criminal Procedure

4

T-06215

**Office of the Public Prosecutor**

**Extension of Warrant for Surveillance of Telephone Communications (Art. 126m Code of Criminal Procedure**

No. of the Office of the Public Prosecutor; **10/000304-04**

The Public Prosecutor of the **Office of the Public Prosecutor;**

| | |
|---|---|
| Given | the Warrant for Surveillance of Telephone Communications taking place through the number█████████on November 2, 2004, no. 10/000304-04 of the Office of the Public Prosecutor; |
| In view of | the facts and/or circumstances evident from the investigation and which are cited in the Official Report of the **National Criminal Investigation Service, Unit Randstad-North** of December 23, 2004; |
| Considering | that the abovementioned investigation shows that the suspect is being incriminated and the investigation results show that the suspect is having conversations of interest to the investigation; |
| Considering | that aforementioned Warrant needs to be extended on the aforementioned grounds; |
| In view of | the authorization granted by the Public Prosecutor to extend the Warrant to Record Telephone Communications taking place via number█████████of **December 23, 2004**; |
| In view of | Article 126m of the Code of Criminal Procedure; |
| Decides | that aforementioned Warrant is extended for a maximum period of four weeks, covering the period from **December 28, 2004** until **January 24, 2005**; |

**Schiphol, December 24, 2004**

The Public Prosecutor,
**M.J. van Ling, Esq.**
on behalf of,          [circular seal reads: Office of the Public Prosecutor –
                        Unit Randstad-North]
**F. Teeven, Esq.**
The Public Prosecutor
[signature]

T-06218

Office of the Public Prosecutor

### Extract of Warrant for Surveillance of Telephone Communications (Art. 126m of the Code of Criminal Procedure)
### EXTENSION

To T-Mobile, being the public telecommunications network provider or public telecommunications services provider as intended in the Telecommunications Law.

No. of the Office of the Public Prosecutor: **10/000304-04**

The Public Prosecutor of the **Office of the Public Prosecutor;**

| | |
|---|---|
| Given | the Warrant for Surveillance of Telephone Communications taking place via number ▮▮▮▮▮▮ of November 2, 2004, no. 10/000304-04 of the Office of the Public Prosecutor; |
| Considering | that aforementioned Warrant needs to be extended; |
| In view of | the Authorization granted by the Public Prosecutor to extend the Warrant to Record Telephone Communications taking place via number ▮▮▮▮▮▮ of **December 23, 2004;** |
| In view of | Article 126m of the Code of Criminal Procedure; |
| Decides | that aforementioned Warrant is extended for a maximum period of four weeks, covering the period from **December 28, 2004** until **January 24, 2005;** |

**Schiphol, December 23, 2004**

The Public Prosecutor,
**M.J. van Ling, Esq.**
on behalf of,               [circular seal reads: Office of the Public Prosecutor -
                             Unit Randstad-North]

**F. Teeven, Esq.**
The Public Prosecutor
[signature]

T-06219

**OFFICE OF THE PUBLIC PROSECUTOR,**
**UNIT RANDSTAD-NORTH**

[  ] **change**
[  ] **supplement**
[X] **extension**

### Order to Provide Traffic Data (Art. 126m of the Code of Criminal Procedure)

To T-Mobile, the public telecommunications network provider or public telecommunications services provider, as defined by the Telecommunications Law.

No. of the Office of the Public Prosecutor: **10/000304-04**

The Public Prosecutor of the abovementioned Office of the Public Prosecutor;

Given the Order to Provide Information of **November 2, 2004** with regard to the user of the telephone number ██████████

In view of the Official Report of **December 23, 2004** of the **National Criminal Investigation Service Unit Randstad-North – Team 2.**

Considering that, in view of the facts and/or circumstances cited in the Official Report, the aforementioned Order needs to be
[  ] changed;
[  ] supplemented;
[X] extended;

In accordance with Article 126n/u of the Code of Criminal Procedure;

Orders that the aforementioned Order is
[  ] changed as follows...
[  ] supplemented as follows...
[X] extended for a period of **4 weeks,** ending on **January 24, 2005** (*NB current traffic data max. 3 months*)

**Schiphol, December 24, 2004,**

Public Prosecutor,
**M.J. van Ling**
on behalf of,                    [circular seal reads: Office of the Public Prosecutor -
                                  Unit Randstad-North]

**F. Teeven, Esq.**
The Public Prosecutor
[signature]

T-06220

**Nationale Recherche** (National Criminal Investigation Service)

**National Police Force**
**National Criminal Investigation Service**
**Unit Randstad-North**
**Team 2**

Subject                  Request for Extension of Order ex Article **126m/n**
                         of the Code of Criminal Procedure with regard to
                         telephone number ███████████ in use by
                         Wesam Al Delaema

Official report no.   :


# OFFICIAL REPORT


I, Douwe Wijnand, police sergeant, employed by the aforementioned department, state the
following:

## 1) Introduction

The Director of the Military Intelligence and Security Agency sent an Official Report to the
National Public Prosecutor with information that a Dutch citizen of Iraqi origin, Mr. **Wesam Al
Delaema**, residing at ████████████ Amersfoort, may have been involved both in actions
against coalition troops in Iraq, and in the kidnapping and murder of American businessman
Nicolas Berg in Iraq on or about May 11, 2004.

The report continues as follows: "A short time before the murder, Mr. Delaema told someone
on the telephone to "pay close attention to the Internet and TV in the next few days." On May
11, 2004 images of Mr. Berg and his five kidnappers/murderers were shown worldwide on TV.
Mr. Delaema has been identified in one of these pictures, which were published as color photos
(attached) on the Internet, recognized by his posture and bearing as the person on the far right
side of the photo in question."

The Deputy Chief of the General Intelligence and Security Agency also sent to the National
Public Prosecutor an Official Report that a man who is a naturalized Dutch citizen, named
**Wesam Al Delaema**, born on ████████████ 1973, in Fallujah, Iraq, and who, according to the
GBA (Municipal Citizen Registry) resides at ██████████████████████

---

Extension of Order ex Article 126m and n of the Code of Criminal Procedure

                                                                                              I

T-06221

Amersfoort, and travels regularly to his native country, Iraq, for periods of about three months, to fight, and is willing to die there as a martyr. Al Delaema first travels to Syria to buy weapons. After that, he travels to Iraq where he visits his city of birth, Fallujah. During one of his travels, he allegedly visited a training camp in Syria.

Al Delaema currently receives WAO (disability benefits). He pays his regular bills from these benefits. To pay for his travels to Iraq, he works "under the table" at the auto repair shop De Isselt, located at ███████████ Amersfoort, and at the carwash located next door, De poetssalon at ███████████████ Amersfoort.

## 2) Findings of the Investigation

It has been established that Wesam Al Delaema has been in contact with a person named Kahtan Al Naeme both over the phone and in person. The tapped telephone conversations reveal that Kahtan Al Naeme is presumably the owner or co-owner of a auto mechanic/car wash shop located on the industrial premises called **"De Isselt"**, ███████████ in Amersfoort. He indicated in one of the conversations that he plans to sell the garage.

It also appears that Al Delaema often comes to said garage located at ███████████ in Amersfoort.

Inter alia, the tapped telephone conversations revealed the following:

- Al Delaema called Al Naeme indicating that Al Delaema wanted to go to Iraq and wanted Al Naeme to make sure that the boys smuggle him (Al Delaema) in.

- Al Delaema does nothing without Al Naeme's approval.

- Initially, Al Naeme opposed Al Delaema's trip, but Al Delaema cried: "Don't you wish me a martyr's death?"

Furthermore, the following information was received at the Regional Criminal Information Unit of the Utrecht police during November 2004;

" Restaurant Dunya in Amsterdam is owned by an Iraqi named Yurdun. He is the leader of a very violent Iraqi movement which is engaged in **trading firearms and explosives** and debt collections. Members of this movement gather in a car shop on the industrial premises **De Isselt** in Amersfoort, located near a large gardening center.
This car shop is owned by one of the group members, named Turul **Kahtan**, who uses the mobile telephone number ███████████
Members of this movement travel regularly to Iraq."

T-06222

It has been determined that both Wesam Al Delaema and Kahtan Al Naeme maintain contact with a person named Kasem Abdelkathem. Abdelkathem is, as noted in conversations and surveillance, also regularly present in the car shop located at ██████████████ in Amersfoort (industrial premises "De Isselt").

Wesam Al Delaema was abroad during the period from November 7, 2004 through about January 7, 2005. The tapped conversations show that Al Delaema was temporarily detained in Syria.

With regard to the telephone lines used by Kahtan Al Naeme (██████████████ ██████████), the telephone line used by Wesam Al Delaema (██████████), as well as the phone line used by Kasem Abdelkathem ██████████, the Public Prosecutor issued Orders ex Article 126mn of the Code of Criminal Procedure mandating that telephone communications through said telephone number be tapped and recorded by an official investigator.

### 3) Pertinent tapped conversations

On January 8, 2005, at 7.33 p.m., Kasem Abdelkathem ██████████ was called by Kahtan Al Naeme (██████████ Al Naeme asked if he (presumably Wesam) had come to Abdelkathem? No, said Abdelkathem. **Al Naeme said that he advised "him" to go to Abdelkathem and to stay there.**

On January 8, 2005, at 7.42 p.m., Kasem Abdelkathem ██████████ called Wesam Al Delaema (██████████. Al Delaema asled if Abdelkathem has seen "the film"? Abdelkathem says he didn't see the film because it's worthless. You only see one (1) image and it doesn't move. It's possible they altered it, says Abdelkathem. **Al Delaema said he will come to Abdelkathem.** Abdelkathem said that he's in the last apartment, at number 70.

On January 8, 2005, at 7.54 p.m., Kasem Abdelkathem (██████████ was called by Kahtan Al Naeme (██████████

| | |
|---|---|
| Al Naeme: | Did he come? |
| Abdelkathem: | **I called the car shop.** |
| Al Naeme: | And what did he say? |
| Abdelkathem: | "…inaudible..**he has taken a pomegranate (hand grenade) with him.**" |
| Al Naeme: | He? |
| Abdelkathem: | **"He has taken a pomegranate with him".** |
| Al Naeme: | "Pomegranate to eat or uh.." |
| Abdelkathem: | "I swear on my father's life that **he has a pomegranate in his hands**". Al |
| Naeme: | To eat or not? |
| Abdelkathem: | **No, no.** |

T-06223

On January 9, 2005, at approximately 7.23 p.m., Wesam Al Delaema (⬛⬛⬛) was called by Hoogstam Al Paait (⬛⬛⬛)Al Bayati asked where Al Delaema is staying - doesn't Al Delaema want to tell him? Al Delaema said he only arrived yesterday. Al Bayati said he heard that Al Delaema was in Syria and asked **if it was about the same matter they told Al Delaema about**? Al Delaema said: **Yes, uh...for the car, which broke down.** Yes, I understand, said Al Bayati. Al Delaema said: **"But if you're here, I will explain it to you in more detail."**

Al Delaema asked why Al Bayati called him in Iraq? Al Bayati said that Sinan called him but he hadn't said anything: **"That is something you can take advantage of."** Al Delaema asked if if Al Bayati has seen/viewed "it"? Al Bayati said: "Well, I understood something else...do you understand what I mean...he told me 'I told Wesam', which means that Wesam knows about everything...
Hence, I only wanted to consult with you whether or not I should do it, but it turned out later that the...uh...appeared to want to fool me. He wanted to, how do you say, sell me [something] just like what I have. I thought it was the original but I didn't know that...I asked if he had wanted to fool me, but he swore in the name of Allah that he didn't know about that."

On January 9, 2005, around 9.04 p.m., Wesam Al Delaema (⬛⬛⬛) was called by Abu Mustafa (⬛⬛⬛). Al Delaema said that Abu Mustafa's telephone betrayed him. **Al Delaema said that right after Abu Mustafa called him, he was arrested when he attempted to enter Iraq.** Abu Mustafa said he was in Basra, not in Baghdad.

On January 10, 2005, at approximately 1.55 p.m., Wesam Al Delaema (⬛⬛⬛) was called by the anonymous Bert (⬛⬛⬛)
Al Delaema told Bert that he can't tell anyone that he [Wesam] has returned. Al Delaema said he's busy and a mental wreck because of what happened in his village.

On January 11, 2005, at approximately 2.28 p.m., Wesam Al Delaema                was called by Kahtan Al Naeme (⬛⬛⬛)

| | |
|---|---|
| Al Delaema: | **Hey, I need you for something, don't forget, alright? I will tell you later.** I will let you rest for now. I will tell you in one (1) or two (2) days. |
| Al Naeme: | Hopefully, it's something good. |
| Al Delaema: | Yes. |

On January 18, 2005, at approximately 3.51 p.m., Wesam Al Delaema (⬛⬛⬛) called Abu Hamid (⬛⬛⬛)
Al Delaema asked if he has arrived. Abu Hamid said they arrived in Beverwijk. He [Abu Hamid] will pick up some "stuff" first and then will go to Al Delaema.

T-06224

On January 18, 2005, at approximately 9.25 p.m., Wesam Al Delaema ▓▓▓▓▓▓ was called by Abu Hamid (▓▓▓▓▓▓▓▓)

Al Delaema said he's in the store. He just arrived in Baam and **his stuff is still in the car.** Abu Hamid said that he [Al Dalaema] should send Kahtan. **He's not here. I sent him to the resistance with the group Alsadr, said Al Delaema.**

They then talk about the news of 'Irakia' and 'Al Jazeera' which show images of torture in the Abu Ghraib prison.

On January 19, 2005, at approximately 2.06 p.m., Wesam Al Delaema ▓▓▓▓▓▓ was called by an Anonymous Man (▓▓▓▓▓▓▓▓)

Al Delaema indicated during this conversation that he was arrested in Syria and was detained in Felestien (name of a prison). Al Delaema said he will tell Anonymous Man what happened later.

### 4) Request to Extend the Warrant for Special Surveillance Services

There is reason to suspect that Wesam Al Delaema has committed crimes defined in Articles 282, 282a, 289 in conjunction with 47 and 140a of the Code of Criminal Procedure (kidnapping, hostage-taking, murder and participation in a terrorist organization) and that he is currently using the telephone number ▓▓▓▓▓▓▓

In the interest of the investigation, it is necessary to observe the contents of the telecommunications as to follow telephone contacts and movements of the user of this means of communication.

On these grounds, I, the Public Prosecutor M.J. Ling, Esq, issue a Court Order, in accordance with Article 126m of the Code of Criminal Procedure, for surveillance of telephone communications with regard to telephone number ▓▓▓▓▓▓▓

An inquiry with the Central Information Point for Telecommunications Research (CIOT) shows that the telephone number ▓▓▓▓▓▓ is issued by the provider T-Mobile.

### Request for the Order to Provide Information

In the interest of the investigation it is necessary that information be obtained on all traffic taking place through the telecommunications network and in which it is suspected that the aforementioned suspects have participated, in order to continue to follow telephone contacts and movements of the suspect.

On these grounds, I request that the Public Prosecutor, Ms. van Ling, Esq., order that all the requested information shall continue to be furnished with respect to said traffic in the period to be named

---

Extension of Order ex Article 126m and n of the Code of Criminal Procedure

T-06225

hereinafter as per 'execution of telecommunication surveillance', in accordance with Article 126n of the Code of Criminal Procedure, regarding telephone number ███████

**Execution for Surveillance of Telecommunications**

The special power of telecommunications surveillance will be performed by one or more criminal investigator(s) during the period: *(maximum 4 weeks)*

**From January 24, 2005 through February 21, 2005**

**Execution of Order to Provide Information**

This Order is to be executed by everyone who is employed by a provider acting in accordance with the Law on Telecommunication Provisions by virtue of:

> ➤ an Authorization as provided in Article 3, first section of this law;
> ➤ an Infrastructure Permit as provided in Article 3a, first section of this law;
> ➤ a Permit as defined in Article 13a as a Temporary Permit, as provided in Article 13i of this law;
> ➤ an Authorization as provided in Chapter III of this law, when a telecommunications device functions as a service provider for the public;

shall furnish all requested information regarding the abovementioned traffic to the Public Prosecutor, in accordance with Article 126n of the Code of Criminal Procedure.

The information should be made available to:

National Police Force, National Criminal Investigation Service
Unit Randstad-North, Team 2
Telephone number           : ███████████
Fax number                 : ████████

**5) Appendices**

- said tapped conversations

This Official Report was prepared upon oath, completed and signed by me in Amsterdam on Wednesday, January 19, 2005.


The reporting officer,

D. Wijnand
[signature]

---

Extension of Order ex Arrticle 126m and n of the Code of Criminal Procedure

T-06226

**Office of the Public Prosecutor**

**Extension of Warrant for Surveillance of Telephone Communications (Art. 126m Code of Criminal Procedure**

No. of the Office of the Public Prosecutor; **10/000304-04**

The Public Prosecutor of the **Office of the Public Prosecutor;**

| | |
|---|---|
| Given | the Warrant for Surveillance of Telephone Communications taking place via number ██–███████ on **November 2, 2004, no. 10/000304-04** of Office of the Public Prosecutor; |
| In view of | the facts and/or circumstances evident from the investigation and which are cited in the Official Report of the **National Criminal Investigation Service, Unit Randstad-North of January 19, 2005;** |
| Considering | that the abovementioned investigation shows that the suspect is being incriminated and the investigation results show that the suspect is having conversations of interest to the investigation; |
| Considering | that the aforementioned Warrant needs to be extended on the aforementioned grounds; |
| In view of | the Authorization granted by the Public Prosecutor to extend the Warrant to Record Telephone Communications taking place via number ████████ of **January 20, 2005;** |
| In view of | Article 126m of the Code of Criminal Procedure; |
| Decides | that aforementioned Warrant is extended for a maximum period of four weeks, covering the period from **January 23, 2005** until **February 16, 2005;** |

**Schiphol, January 20, 2005**

The Public Prosecutor,
**M.J. van Ling, Esq.**
[signature]

T-06240

**Office of the Public Prosecutor**

**Extract of Warrant for Surveillance of Telephone Communication (Aart. 126m of the Code of Criminal Procedure)**
**EXTENSION**

To T-Mobile, being the public telecommunications network provider or public telecommunications services provider defined by the Telecommunications Law.

No. of the Office of the Public Prosecutor: **10/000304-04**

The Public Prosecutor of the **Office of the Public Prosecutor;**

Given       the Warrant for Surveillance of Telephone Communications taking place through the number ▮▮▮▮▮▮ **of November 2, 2004**, no. 10/000304-04 of the office of the Public Prosecutor;

Considering       that aforementioned Warrant needs to be extended;

In view of       **the Authorization granted by the Public Prosecutor to extend the Warrant to Record Telephone Communications taking place via number** ▮▮▮▮▮▮ **of January 20, 2005;**

In view of       Article 126m of the Code of Criminal Procedure;

Decides       that aforementioned Warrant is extended for a maximum period of four weeks, covering the period from **January 23, 2005** until **February 16, 2005;**

**Rotterdam, January 20, 2005**

The Public Prosecutor,
**M.J. van Ling, Esq.**
[signature]

**OFFICE OF THE PUBLIC PROSECUTOR,
UNIT RANDSTAD-NORTH**

[  ] **change**
[  ] **supplement**
[X] **extension**

**Order to Provide Traffic Data (Art. 126m of the Code of Criminal Procedure)**

To **T-Mobile**, the public telecommunications network provider or public telecommunications services provider, as defined by the Telecommunications Law.

No. of the Office of the Public Prosecutor: **10/000304-04**

The Public Prosecutor of the abovementioned Office of the Public Prosecutor;

Given the Order to Provide Information of **November 2, 2004** with regard to the user of the telephone number█████████████

In view of the Official Report of **December 23, 2004** of the **National Criminal Investigation Service Unit Randstad-North.**

Considering that, in view of the facts and/or circumstances cited in the Official Report, the aforementioned order needs to be
[  ] changed;
[  ] supplemented;
[X] extended;

In accordance with Article 126n/u of the Code of Criminal Procedure;

Orders that the aforementioned Order is
[  ] changed as follows…
[  ] supplemented as follows…
[X] extended for a period of **4 weeks**, ending on **February 16, 2005** (*NB current traffic data max. 3 months*)

□ This written decision serves as confirmation of the verbally rendered decision of…
(date)………., (place)……………

**Schiphol, January 20, 2005,**

Public Prosecutor,
**M.J. van Ling**
[signature]

T-06242

**Nationale Recherche** (National Criminal Investigation Service)

**National Police Force**
**National Criminal Investigation Service**
**Unit Randstad-North**
Team 2

Subject         : Request for Extension of Order ex Article **126m/n**
                   of the Code of Criminal Procedure with regard to
                   telephone number ███████, in use by
                   Wesam Al Delaema

Official report no.

## OFFICIAL REPORT

I, Douwe <u>Wijnand</u>, police sergeant, employed by the aforementioned department, state
the following:

### 1) Introduction

The Director of the Military Intelligence and Security Agency sent an Official Report to the
National Public Prosecutor with information that a Dutch citizen of Iraqi origin, Mr. **Wesam Al
Delaema**, residing at ███████ Amersfoort, may have been involved both in actions
against coalition troops in Iraq, and in the kidnapping and murder of American businessman
Nicolas Berg in Iraq on or about May 11, 2004.

The report continues as follows: "A short time before the murder, Mr. Delaema told someone
on the telephone to "pay close attention to the Internet and TV in the next few days." On May
11, 2004 images of Mr. Berg and his five kidnappers/murderers were shown worldwide on TV.
Mr. Delaema has been identified in one of these pictures, which were published as color photos
(attached) on the Internet, recognized by his posture and bearing as the person on the far right
side of the photo in question."

The Deputy Chief of the General Intelligence and Security Agency also sent to the National
Public Prosecutor an Official Report that a man who is a naturalized Dutch citizen, named
**Wesam Al Delaema**, born on ███████ 1973, in Fallujah, Iraq, and who, according to the
GBA (Municipal Citizen Registry) resides at ███████

---

Extension of Order ex Article 126m and n of the Code of Criminal Procedure

T-06243

Amersfoort, and travels regularly to his native country, Iraq, for periods of about three months, to fight, and is willing to die there as a martyr. Al Delaema first travels to Syria to buy weapons. After that, he travels to Iraq where he visits his city of birth, Fallujah. During one of his travels, he allegedly visited a training camp in Syria.

Al Delaema currently receives WAO (disability benefits). He pays his regular bills from these benefits. To pay for his travels to Iraq, he works "under the table" at the auto repair shop **De Isselt**, located at ████████████████ Amersfoort, and at the carwash located next door, De poetssalon at ████████████ Amersfoort.

## 2) Findings of the investigation

It has been established that Wesam Al Delaema has been in contact with a person called Kahtan Al Naeme both over the phone and in person. The tapped telephone conversations reveal that Kahtan Al Naeme is presumably the owner or co-owner of a auto repair/car wash shop located on the industrial premises called **"De Isselt"**, ████████████ in Amersfoort. He indicated in one of the conversations that he's planning to sell the garage.

It is also apparent that Al Delaema often comes to said garage located at ████████ in Amersfoort.

Inter alia, the tapped telephone conversations revealed the following:

- Al Delaema called Al Naeme, declaring that Al Delaema wanted to go to Iraq and wanted Al Naeme to make sure that the boys smuggle Al Delaema in.

- Al Naeme initially opposed Al Delaema's trip, but Al Delaema implored him, crying: "Don't you wish me a martyr's death?"

Additionally, the following information was received at the Regional Criminal Information Unit of the Utrecht police during November 2004;

"Restaurant Dunya in Amsterdam is owned by an Iraqi named Yurdun. He is the leader of a very violent Iraqi movement which is busy in trading firearms and explosives and debt collections. Members of this movement gather in a car shop on the industrial premises De Isselt in Amersfoort, located near a large gardening center. This car shop is the property of one of the group members, named Turul Kahtan, who uses the mobile telephone number ████████ Members of this movement travel regularly to Iraq."

T-06244

It has been determined that both Wesam Al Delaema and Kahtan Al Naeme maintain contact with a person named Kasem Abdelkathem. Abdelkathem is, given conversations and observations, also regularly present in the car shop located at ██████████████████ in Amersfoort (industrial premises "De Isselt").

Wesam Al Delaema was abroad during the period from November 7, 2004 until approximately January 7, 2005. The tapped conversations show that Al Delaema was temporarily detained in Syria.

With regard to the telephone lines used by Kahtan Al Naeme (████████ ████████), the telephone line used by Wesam Al Delaema (████████), as well as the phone line used by Kasem Abdelkathem ████████ the Public Prosecutor issued Orders ex Article 126mn of the Code of Criminal Procedure stating that the telephone communications through said telephone numbers will be tapped and recorded by an official investigator.

### 3) Pertinent tapped conversations

On January 17, 2005, at approximately 8.01 p.m., Wesam Al Delaema ████████ was called by the anonymous Arshad (████████). Wesam indicates in this conversation that he became psychologically ill during his trip.

On January 19, 2005, at approximately 2.06 p.m., Wesam Al Delaema ___ is called by an Anonymous Man (████████)
Al Delaema said that he returned two or three days ago. Al Delaema said: "I will tell you later what happened to me... on my way into Syria I was arrested by the sons of bitches, the pigs. I will tell you about that later."

On January 20, 2005, at approximately 10.16 a.m., Wesam Al Delaema ████████ was called by Kasem Abdelkathem (████████), Abdelkathem said he saw two police cars and a police bike enter a business, but that it was not right next to them. **Abdelkathem asked him to close the garage door.** But you have the key says Al Delaema. Ismael has it. **Close it, don't let it open so anyone can see into it,** said Abdelkathem. Okay, it will be fine, said Al Delaema.

On January 20, 2005, at approximately 2.38 p.m., Wesam Al Delaema ████████ was called by Housam Al Bayati ████████
Al Delaema said he knows what to do with the **"bad and unfaithful Iraqis"** who are going to vote. He **would destroy their cars.**

---

Extension of Order ex Article 126m and n of the Code of Criminal Procedure

3

On January 20, 2005, at approximately 4.50 p.m., Wesam Al Delaema (███████)
was called by the anonymous Fares (abroad)
The anonymous Fares asked, how long did Al Delaema stay in one place? Al Delaema
said he stayed underground/in a basement for one month and he said he didn't see
sunlight all month long. Al Delaema said: "**They charged me on a hundred acts,
espionage for the benefit of the Netherlands, America and Israel**...Those sons of
bitches are the same as the Baath party." The conversation then focused on the situation
in Iraq. Al Delaema asked, **How many martyrs have fallen?** A lot, said the
anonymous Fares.

Al Delaema said that he is psychologically tired. The anonymous Fares said: "I know,
and I knew that you wouldn't call me because of your psychological condition. If you
were arrested in Syria, you would tell the authorities that you were going to visit your
family in Iraq, and that's what I just told my family here. Yes, very good, said Al
Delaema. The anonymous Fares said: "**And you did it, thank God, because the truth
would**..." Al Delaema said: "**After everything that happened to Fallujah and after
the death of many of our friends, I couldn't care less...I'm done.**"

On January 23, 2005, at approximately 7.27 p.m., Wesam Al Delaema (███████)
called Kahtan Al Naeme (abroad)
Al Delaema indicated in this conversation that he would pick up Al Naeme. Al
Delaema said that Al Naeme must give him the exact time.
(Comment from Reporting Officer: Kahtan Al Naeme was abroad at that time.)

On February 1, 2005, at approximately 9.23 p.m., Wesam Al Delaema (███████)
was called by Kahtan Abdelkathem (███████)
Abdelkathem said: "We were at his place". Al Delaema said: "I will see you tomorrow
and will talk to you." Abdelkathem said: "Yes, he was talking to....about stuff and I
said 'We're going to talk tomorrow and I...approach him for you...Goof!...about that
kind of things. I said we're going to talk tomorrow and we'll see what it's going to be."
Al Delaema said: "I will see you tomorrow and we'll talk."

On February 9, 2005, at approximately 2.34 p.m., Wesam Al Delaema (███████)
was called by the anonymous Fares (abroad).
Conversation focused on Iraq.
Al Delaema wanted to know if that 'iron factory" was indeed hit? The anonymous
Fares says that the factory is gone unfortunately. Al Delaema asked, How many people
were killed? The anonymous Fares said: "Many, more than two hundred." Al Delaema
said: "**Two hundred, that's not a lot.**"

The anonymous Fares said there's also good news. Unknown armed men kidnapped
five members of the National Guard today and five bodies were found in Soufi.

---

T-06246

The anonymous Fares said that the ladies are going over to the Americans. "There is an Iraqi woman who has learned English words and is now already talking to the Americans and is giggling. Al Delaema responded: **"Fuck her, go ahead and slaughter her."** Al Delaema said he gets sick of all those stories and called the inhabitants of Fallujah cowards, and **said that Allah will punish them.**

In view of the elections, Al Delaema said: **"Let them vote, it's their turn once, just let them, but someone has to take pictures of them and keep the pictures, their time will come."**

In addition, Al Delaema asked: "Tell me something that will make me happy too. Please arrange those CDs for me. After all, you're a journalist and you have all the information available. Please take care of these CDs, I want them."

At the end of the conversation, Al Delaema asked Fares **to take down the names and addresses of the members of the National Guard so Al Delaema will fool them later on.**

On February 11, 2005, at approximately 10.31 p.m., Wesam Al Delaema (██████████) called Kasem Abdelkathem (████████).
Al Delaema asked if Abdelkathem is at home. Yes, said Abdelkathem.
Abdelkathem: But I wanted to tell you, we need **"that iron".**
Al Delaema:   Oh, I don't know, I'll be with you in a minute. **We'll discuss it then."**

On February 12, 2005, at aapproximately 12.25 a.m., Wesam Al Delaema ████████ was called by Kasem Abdelkathem ████████.
Abdelkathem: I'm downstairs with Hossam and they went inside. We're waiting for them.
Al Delaema: Why didn't you let me come?
**Abdelkathem:  No problem. You, Hossam and I are a…. it's not a problem.** If something happens, I find out everything even if it concerns a fart in the wind. The one who takes care of business will tell me.
Al Delaema: You should have let me in with them.
Abdelkathem: No problem.

### 4) Request to Extend the Warrant for Special Surveillance Services

There is reason to suspect that Wesam Al Delaema has committed crimes stated in Articles 282, 282a, 289 in conjunction with 47 and 140a of the Code of Criminal Procedure (kidnapping, hostage-taking, murder and participation in a terrorist organization) and that he is currently using the telephone number ████████

In the interest of the investigation, it is necessary to take note of the content of the telecommunications as to follow telephone contacts and movements of the user of a particular means of communication.

Extension of Order ex Article 126m and n of the Code of Criminal Procedure

5

T-06247

On these grounds, I, the Public Prosecutor M.J. Ling, Esq., issue a Court Order, in accordance with Article 126m of the Code of Criminal Procedure, for surveillance of telephone communications with regard to the telephone number ████████.

An inquiry with the Central Information Point for Telecommunications Research (CIOT) shows that the telephone number ████████ is issued by the provider T-Mobile.

### Request for Order to Provide Information

In the interest of this investigation, it is necessary that information be obtained on all traffic which took place through the telecommunications network and in which it is suspected that the aforementioned suspects participated, in order to continue to follow telephonic contacts and movements of the suspect.

On these grounds, I, the Public Prosecutor, M.J. van Ling, Esq., order that all requested information continue to be furnished in the period to be named hereinafter as per 'execution of telecommunication investigations' with respect to said traffic in accordance with Article 126n of the Code of Criminal Procedure, regarding telephone number ████████

### Execution for Surveillance of Telecommunications

The special authority for surveillance of telecommunications will be performed by one or more criminal investigator(s) during the period: *(maximum 4 weeks)*

### From February 16, 2005 through March 16, 2005

### Execution for Order to Provide Information

This Order is to be executed by everyone who is employed by a provider acting in accordance with the Law on Telecommunication Provisions by virtue of:

- an Authorization as provided in Article 3, first paragraph of this law;
- an Infrastructure Permit as provided in Article 3a, first paragraph of this law;
- a Permit as defined in Article 13a as a Temporary Permit as provided in Article 13i of this law;
- an Authorization as provided in Chapter III of this law, if a telecommunications device is applied as service provider for the public;

Extension of Order ex Article 126m and n of the Code of Criminal Procedure

T-06248

shall furnish all requested information regarding the abovementioned traffic to the Public Prosecutor, in accordance with Article 126n of the Code of Criminal Procedure.

The information should be made available to:

National Police Force, National Criminal Investigation Service
Unit Randstad-North, Team 2
Telephone number                    :
Fax number                          :

## 5) Appendices

- said tapped conversations

This Official Report was prepared under oath, completed and signed by me in Amsterdam on Wednesday, February 14, 2005.


The reporting officer,

D. Wijnand
[signature]

T-06249

**OFFICE OF THE PUBLIC PROSECUTOR,**
**UNIT RANDSTAD-NORTH**

[  ] change
[  ] supplement
[X] extension
**Warrant to Provide Traffic Data (Art. 126m and 126n of the Code of Criminal Procedure)**

To T-Mobile, the public telecommunications network provider or public telecommunications services provider, as defined by the Telecommunications Law.

No. of the Office of the Public Prosecutor; **10/000304-04**

The Public Prosecutor of the abovementioned Office of the Public Prosecutor;

Given the Warrant to Provide Information of **November 2, 2004** with regard to the user of telephone number ███████████

In view of the Official Report of **February 14, 2005** of the **National Criminal Investigation Service Unit Randstad-North**.

Considering that, in view of the facts and/or circumstances cited in the Official Report, the aforementioned Warrant needs to be
[  ] changed;
[  ] supplemented;
[X] extended;

In view of the Authorization granted by the Public Prosecutor to
[  ] change
[  ] supplement
[X] extend
the Warrant for Surveillance of Telecommunications of **February 16, 2005**;

In accordance with Article 126m and 126n of the Code of Criminal Procedure;

Orders that the aforementioned Warrant is
[  ] changed as follows...
[  ] supplemented as follows...
[X] extended for a maximum period of four weeks, ending on **March 16, 2005** at 3 PM;

**Schiphol, February 16, 2005,**

On behalf of,
**F. Teeven**

**M.J. van Ling**

Public Prosecutor

Public Prosecutor

[signature]

T-06269

**Official Report**

Of this Order, the content and foundation of which is considered here as repeated and incorporated, I, the Public Prosecutor, on oath of office, prepared this Official Report which was completed and signed in Schiphol on February 16, 2005.

The Public Prosecutor,

**M.J. van Ling, Esq.**

On behalf of,

**F. Teeven** (Public Prosecutor)
[signature]

**Nationale Recherche** (National Criminal Investigation Service)

**National Police Force**
**National Criminal Investigation Service**
**Unit Randstad-North**
**Team 2**

Subject          : Request for Extension of Order ex Article **126m/n**
                     of the Code of Criminal Procedure with regard to
                     telephone number ▮▮▮▮▮▮▮ in use by
                     Wesam Al Delaema

Official report no.

## OFFICIAL REPORT

I, Marinus Lijesen, police sergeant, employed by the aforementioned department, state
the following:

### 1) Introduction

The Director of Military Intelligence and Security Agency sent an Official Report to the
National Public Prosecutor with information that a Dutch citizen of Iraqi origin, Mr. **Wesam Al
Delaema**, residing at ▮▮▮▮▮▮▮ Amersfoort, may have been involved both in actions
against coalition troops in Iraq, and in the kidnapping and murder of American businessman
Nicolas Berg in Iraq on or about May 11, 2004.

The report continues as follows: "A short time before the murder, Mr. Delaema told someone
on the telephone to "pay close attention to the Internet and TV in the next few days." On
May 11, 2004 images of Mr. Berg and his five kidnappers/murderers were shown worldwide
on TV. Mr. Delaema has been identified in one of these pictures, which were published as color
photos (attached) on the Internet, recognized by his posture and bearing as the person on the
far right side of the photo in question."

The Deputy Chief of the General Intelligence and Security Agency also sent to the National
Public Prosecutor an Official Report that a man who is a naturalized Dutch citizen, named
**Wesam Al Delaema**, born on ▮▮▮▮▮▮▮ 1973, in Fallujah, Iraq, and who, according to
the GBA (Municipal Citizen Registry) resides at ▮▮▮▮▮▮▮▮▮▮

Extension of Order ex Article 126m and n of the Code of Criminal Procedure

1

T-06271

Amersfoort, and travels regularly to his native country, Iraq, for periods of about three months, to fight, and is willing to die there as a martyr. Al Delaema first travels to Syria to buy weapons. After that, he travels to Iraq where he visits his city of birth, Fallujah. During one of his travels, he allegedly visited a training camp in Syria.

Al Delaema currently receives WAO (disability benefits). He pays his regular bills from these benefits. To pay for his travels to Iraq, he works "under the table" at the auto repair shop **De Isselt**, located at ████████████████ Amersfoort, and at the carwash located next door, De poetssalon at ████████████ Amersfoort.

## 2) Findings of the investigation

It has been established that Wesam Al Delaema has been in contact with a person named Kahtan Al Naeme both by phone and in person. The tapped telephone conversations reveal that Kahtan Al Naeme is presumably the owner or co-owner of a auto repair/car wash shop located on the industrial premises called "**De Isselt**", ████████████████ in Amersfoort. He indicated in one of the conversations that he's planning to sell the garage.

It also appears that Al Delaema often comes to said garage located at ████████████ in Amersfoort.

Among other things, the tapped telephone conversations revealed the following:

- Al Delaema called Al Naeme revealing that Al Delaema wants to go to Iraq and wants Al Naeme to make sure that the boys smuggle Al Delaema in.

- Al Naeme initially opposed Al Delaema's trip, but Al Delaema implored him, crying, "Don't you wish me a martyr's death?"

Furthermore, the following information was received at the Regional Criminal Information Unit of the Utrecht police during November 2004;

"Restaurant Dunya in Amsterdam is owned by an Iraqi named Yurdun. He is the leader of a very violent Iraqi movement which is engaged in **trading firearms and explosives** and debt collection. Members of this movement gather in a car shop on the industrial premises **De Isselt** in Amersfoort, located near a large gardening center.
This car shop is the property of one of the group members, named Turul **Kahtan**, who makes use of the mobile telephone number ████████████
Members of this movement travel regularly to Iraq."

T-06272

It has been determined that both Wesam Al Delaema and Kahtan Al Naeme maintain contact with a person by the name of Kasem Abdelkathem. Abdelkathem is, given conversations and observations, also regularly present in the car shop located at ▓▓▓▓▓▓▓▓▓▓ in Amersfoort (industrial premises "De Isselt").

Wesam Al Delaema has been abroad during the period from November 7, 2004 through about January 7, 2005. The tapped conversations show that Al Delaema was temporarily detained in Syria.

With regard to the telephone lines used by Kahtan Al Naeme (▓▓▓▓▓▓▓ ), the telephone line used by Wesam Al Delaema ▓▓▓▓▓▓ as well as the phone line used by Kasem Abdelkathem ▓▓▓▓▓▓ ), the Public Prosecutor issued Orders ex Article 126mn of the Code of Criminal Procedure stating that telephone communications through said telephones are to be recorded by an official investigator.


### 3) Pertinent tapped conversations

On February 21, 2005, at 9.16 p.m, Wesam called Kathem and asked if he has a bed and blankets or if Wesam should bring his own things. Kathem has two blankets. Kahtan will sleep on the couch. **Kathem is on his way to bring the clock to that man**. Wesam asked Kathem to look out for police inspections.

On February 22, 2005, at 2.24 p.m., Wesam iwas called by Joost Mulder. Mulder said he's everything is messed up at his job. Mulder said that they owe him a lot of money, almost 2 million Euros. Wesam didn't want to talk about it over the phone. Wesam is coming on Saturday or Sunday. Later on, **Wesam says he wants to try another solution**. According to Mulder, Wesam can make good money.

On March 2, 2005, at 11.11 p.m., Wesam was called by Kahtan who spoke about problems with his wife. Kahtan left the house and is coming to Kathem. Wesam is already with Kathem.

On March 4, 2005, at 10.41 p.m., Wesam was called by Kahtan. Wesam said that he just left the clubhouse. Wesam is crying. Wesam said he's a total wreck.

On March 6, 2005, at 10.09 p.m., Kathem called Kahtan with Wesam's phone, who says he's waiting for that boy. He hasn't come yet. Kathem asked **if Kahtan has gone for the matter himself**. Kahtan asked what he could do about it. Kathem asks if

T-06273

Kahtan can give Ibo's number. **There's a little job he talked about, but**…Kahtan saw that it was the same place.

On March 6, 2005, at 10.27 p.m., Wesam called Ibo (Ibrahim Yavuz). **Ibo needs to take care of something while Wesam will watch from a distance**. Someone must bring money to Ibo.

On March 7, 2005, at 5.06 p.m., Kathem called Boukha with Wesam's phone. During the conversation they spoke about a certain gentleman who was with the owner of the job. He said that all the money is not there. About twenty thousand is missing. They continue talking about 80 or 100.

### 4) Request to extend the Warrant for Special Investigation Services

There is reason to suspect that Wesam Al Delaema has committed crimes defined in Articles 282, 282a, 289 in conjunction with 47 and 140a of the Code of Criminal Procedure (kidnapping, hostage-taking, murder and participation in a terrorist organization) and that he is currently using the telephone number █████████

In the interest of the investigation, it is necessary to take note of the content of the communications.

On these grounds, I, the Public Prosecutor M.J. Ling, Esq, issue a Court Order, in accordance with Article 126m of the Code of Criminal Procedure, for surveillance of telephone communications with regard to telephone number █████████

An inquiry with the Central Information Point for Telecommunications Research (CIOT) shows that the telephone number █████████ is issued by the provider T-Mobile.

### Request for the Order to Provide Information

In the interest of this investigation, it is necessary that information be obtained on all traffic which took place through the telecommunications network and in which it is suspected that the aforementioned suspects participated, in order to continue to follow telephonic contacts and movements of the suspect.

On these grounds, I, the Public Prosecutor, M.J. van Ling, Esq., order that all requested information continue to be furnished in the period to be named hereinafter as per "execution of telecommunications surveillance" with respect to said traffic in accordance with Article 126n of the Code of Criminal Procedure, regarding telephone number █████████

---

Extension of Order ex Article 126m and n of the Code of Criminal Procedure

T-06274

**Execution of Surveillance of Telecommunications**

The special authority for surveillance of telecommunications s will be performed by one or more criminal investigator(s) during the period: *(maximum 4 weeks)*

**From March 16, 2005 through April 13, 2005**

**Execution for the Order to Provide Information**

This Order is to be executed by everyone who is employed by a provider acting in accordance
with the Law on Telecommunication Provisions by virtue of:

- an Authorization as provided in Article 3, first paragraph of this law;
- an Infrastructure Permit as provided in Article 3a, first paragraph of this
  law;
- a Permit as defined in Article 13a as a Temporary Permit as provided in
  Article 13i of this law;
- an Authorization as provided in Chapter III of this law, if a telecommunications
  device is applied as service provider for the public;

shall furnish all requested information regarding the abovementioned traffic to the Public Prosecutor, in accordance with Article 126n of the Code of Criminal Procedure.

The information should be made available to:

National Police Force, National Criminal Investigation Service
Unit Randstad-North, Team 2
Telephone number          :
Fax number                :

<u>5) Appendices</u>

- said tapped conversations

This Official Report was prepared on official oath, completed and signed by me in Amsterdam on Wednesday, March 10, 2005.

The reporting officer,

M. Lijesen
[signature]

Extension of Order ex Article 126m and n of the Code of Criminal Procedure

5

T-06275

**OFFICE OF THE PUBLIC PROSECUTOR,**
**UNIT RANDSTAD-NORTH**

[  ] change
[  ] supplement
[X] extension
**Warrant to Provide Traffic Data (Art. 126m and 126n of the Code of Criminal Procedure)**

To T-Mobile, the public telecommunications network provider or public telecommunications
services provider, as defined by the Telecommunications Law.

No. of the Office of the Public Prosecutor: **10/000304-04**

The Public Prosecutor of the abovementioned **Office of the Public Prosecutor;**

Given the Warrant to Provide Information of **November 2, 2004** with regard to the user of
telephone number █████████

In view of the Official Report of **March 9, 2005** by the **National Criminal Investigation
Service Unit Randstad-North.**

Considering that, in view of the facts and/or circumstances cited in the Official Report, the
aforementioned Warrant needs to be
[  ] changed;
[  ] supplemented;
[X] extended;

In view of the Authorization granted by the Public Prosecutor to
[  ] change
[  ] supplement
[X] extend
the Warrant for Surveillance of Telecommunications of **March 14, 2005, RC number 04/4097;**

In accordance with Article 126m and 126n of the Code of Criminal Procedure;

Orders that the aforementioned Warrant be extended for a maximum period of four weeks,
ending on **April 13, 2005** at 3 p.m.;

**Schiphol, March 14, 2005,**

**M.J. van Ling**
Public Prosecutor
[signature]

T-06286

**Official Report**

Of this Order, the content and foundation of which is considered here as repeated and incorporated, I, the Public Prosecutor, on oath of office, prepared this official report which was concluded and signed in **Schiphol on March 14, 2005.**


The Public Prosecutor,
**M.J. van Ling, Esq.**
[signature]