IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : CR. NO. 05-337 (PLF) |
| | : |
| WESAM AL-DELAEMA, | : |
| | : |
| Defendant. | : |

**REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO SUPPRESS**

Mr. Wesam Al-Delaema (herein "Mr. Delaema") has filed a motion to suppress, seeking exclusion of his statements to Dutch police officials in the Netherlands and the results of wiretaps conducted on his home and cellular telephones in the Netherlands. The government has filed a lengthy *Opposition*.

**(1) Suppression of Mr. Delaema's Statements**

Mr. Delaema has set out a short recitation of the factual basis of his motion to suppress. In short, Mr. Delaema recited the circumstances surrounding the armed and forcible entry into his apartment in the middle of the night by numerous Dutch law enforcement officers where he was physically struck, his subsequent counsel-less interrogations by the Dutch despite his request for an attorney, his isolation from family and friends during a period he was being questioned and other circumstances surrounding the interrogations, including his emotional state at the time. *Motion*, at 7-8. In response, the government recites its version of the circumstances surrounding Mr. Delaema's interrogations, *Opposition*, at 20-29, and then concludes that his statements were

1

entirely voluntary. *Id.*, at 30-40. Because both parties agree that the question of the voluntariness of Mr. Delaema's statements can only be determined after an evidentiary hearing and consideration of the "totality of the circumstances," *id.*, at 6, 34, Mr. Delaema will forego further reply at this time. Mr. Delaema does request the opportunity to respond further after the evidence is heard at the motions hearing.

### (2) Suppression of the Fruits of the Wiretaps

To the extent he knew them, Mr. Delaema described the circumstances surrounding the issuance of the wiretaps in his motion. *Motion*, at 2-6. The government recited additional specifics at 6-11 of its *Opposition*.

Mr. Delaema's motion is based on the fact that the wiretaps - extending over eight months - were the result of intercept orders issued by a Dutch prosecutor rather than a judicial official, were not based on probable cause, were based in part on misleading information provided by the Dutch police, were unnecessary in light of the failure to use other investigative means and were not minimized to exclude non-germane conversations. Mr. Delaema contends that each of these defects would render the intercepts defective under the Federal Wiretap Statute if the wiretaps had been conducted in the United States. *Motion*, at 17-18.

Mr. Delaema then acknowledged that his motion to suppress the wiretap evidence contained two significant hurdles. First, as to any Fourth Amendment claim, the United States Supreme Court held in *Verdugo-Urguidez*, 494 U.S. 259 (1990), that the protections afforded by that Amendment apply only to U.S. citizens or those illegal aliens having substantial ties to this country. *Id.*, at 18. Second, as to the claims under the Federal Wiretap Statute, several circuits have ruled that it does not apply extraterritorially. *Id*. As to the latter claim, Mr. Delaema

pointed out that the D.C. Circuit has not ruled on the issue and that these holdings were nonetheless subject to a "shocks the conscience" exception and a joint venture exception. *Id.*, at 18-19.

Based on the fact that no court has extended the protections of the Federal Wiretap Statute extraterritorially, the government asks the defendant to withdraw the motion in order to conserve its resources and obviate the need to bring Dutch witnesses to testify concerning the issue. *Opposition.*, at 6, n.1.  The defense declines the invitation for three reasons.  First, the defense wants to preserve the issues inasmuch as regardless of the Supreme Court's decision in *Verdugo-Urguidez* on the Fourth Amendment constitutional claim, neither the Supreme Court nor this Circuit has ruled on the statutory claim as to whether the Federal Wiretap Statute applies extraterritorially.  In this regard it is worth noting that prior to *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005), every circuit that had considered the issue had found that the federal sentencing guidelines were mandatory and not subject to the Sixth Amendment right to trial by jury.  Second, the two exceptions noted in *United States v. Barona*, 56 F.3d 1087 (9th Cir. 1995) are both fact-dependent and thus require evidence.  Finally, the government alleges that the wiretap applications "follow[ed] the letter of Dutch law at every step." *Opposition*, at 1.  The defense is still investigating that claim and wants to look at this issue more closely.[1]

That said, in light of the above discussion and because the facts underlying the wiretap application are not likely to be in much dispute, counsel is sensitive to the government's request

---

[1] As the defense indicated in another motion filed this date, Mr. Delaema's Dutch counsel has been unavailable recently.  He is due to return to the office later this week and counsel will hopefully be able to confer with him soon concerning this issue.

that it not be required to bring its Dutch witnesses to testify at the motions hearing concerning the circumstances relating to the wiretap. Counsel is therefore willing to work with the government on preparation of stipulated facts to be considered by the Court in resolving the issue.

        Respectfully submitted,

_____"/s/"_____
Robert L. Tucker
Counsel for Mr. Wesam Al-Delaema
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004
(202) 208-7500