**IN THE**
**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | **CR. NO. 05-337 (PLF)** |
| | : | |
| **WESAM AL-DELAEMA,** | : | |
| | : | |
| **Defendant.** | : | |

**MOTION TO DISMISS ANY COUNTS IN INDICTMENT SUBJECT TO THE RULE OF SPECIALITY OR THE DOCTRINE AGAINST DOUBLE CRIMINALITY**

Counsel for Mr. Wesam Al-Delaema (herein "Mr. Delaema") moves the Court for an

Order dismissing (1) any counts in the Indictment that are barred by either the rule of speciality,

which prohibits prosecution for offenses other than those for which the defendant was extradited

and (2) any counts barred by the doctrine of dual criminality, which under the treaty in force

between the United States and the Netherlands prohibits extradition for conduct that is not a

crime in the rendering country.

**I. The Rule of Speciality**

The Supreme Court has long held that the doctrine of speciality prohibits the prosecution

of a defendant for a crime other than that for which he is specifically been extradited. *United*

*States v. Rauscher*, 119 U.S. 407 (1986); *see also United States v. Alvarez-Machain*, 504 U.S.

655, 658-59 (1992). The rule has also been acknowledged in this circuit. In *United States v.*

*Sensi*, 879 F.2d 888 (D.C. Cir. 1989), this circuit noted the importance of representations made to

the foreign government regarding the precise purpose for which the United States seeks

1

extradition.  *Sensi* held that the rule of speciality "requires a correspondence between the charges contained in the indictment and the facts presented" to the foreign court.  id. at 895, quoting the *Restatement (Third) of Foreign Relations Law of the United States*, § 477, comment a.    The rule of speciality is specifically embodied in the extradition treaty between the United States and the Netherlands.  Article 15 of the treaty provides that "A person extradited under the present Treaty shall not be detained, tried or punished in the territory of the requesting State for an offense other than that for which extradition has been granted by that State to a third State unless. . . "  *Treaty on Extradition Between the United States of America and the Netherlands* [*U.S. - Netherlands Extradition Treaty*], June 24, 1980, T.I.A.S. No. 10733.

### II.  The Doctrine of Dual Criminality

The doctrine of dual criminality arises from provisions included in many extradition treaties requiring that offenses must be punishable under the laws of both countries before a defendant can be extradited.  The requirement has been characterized as "central to extradition law." *Brauche v. Raiche*, 618 F.2d 843, 848 (1ˢᵗ Cir. 1980).  The extradition treaty with the Netherlands also contains a dual criminality provision.  *U.S. - Netherlands Extradition Treaty*, Article 2, ¶ (Extraditable offenses defined as "Offenses referred to in the Appendix to this Treaty which are punishable under the laws of both Contracting Parties; . . . ").

### III.  Mr. Delaema Reserves the Right to Supplement This Motion Upon Receipt of Translated Copies of the Necessary Extradition Documents

As of this moment counsel for Mr. Delaema does not have the relevant extradition documents to determine whether any counts of the indictment are subject to either rule of speciality or dual criminality objections.  On February 27, 2008, Mr. Delaema sent the

government a discovery letter wherein he requested, *inter alia*, production of "all documents in the government's possession, custody, or control relating to extradition or removal proceedings conducted in the Netherlands  concerning  the matters referenced in the Indictment, including all transcripts, pleadings, exhibits, and opinions related to those proceedings."   On May 12, 2008, the government responded by letter, denying the request for the extradition documents based on the government's view that Mr. Delaema "cannot properly challenge his extradition to the United States in his criminal case."  The government's letter invited counsel to identify any legal issue to which the requested extradition might be relevant.  On May 14, counsel responded, noting that in prior cases in this district extradition documents have routinely been produced in discovery. Counsel pointed out that the requested documents may be relevant, *inter alia*, to claims concerning the rule of speciality and dual criminality.

The government responded on May 19, 2008, by claiming that Mr. Delaema has no standing to raise extradition claims in his criminal case.[1]  The government nonetheless agreed to produce the Dutch Minister of Justice's decision to extradite Mr. Delaema.  But the government noted that it did not have an English translation of the document and added that it could not guarantee that it would be able to provide such a translation before the defense's motions were

---

[1]The government's assertion that Mr. Delaema has no standing to raise claims in a criminal case under the rule of speciality or the doctrine of dual criminality is incorrect.  In the leading case on the rule of speciality the Supreme Court overturned a conviction obtained on an offense for which the defendant had not been extradited.  *See United States v. Rauscher*, *supra*. It has also been held that a defendant in a criminal case also has standing to raise a dual criminality claim.  *Gallo-Chamorro v. United States*, 233 F.3d 1298, 1304 (5th Cir. 2000); *United States v. Kahn*, 993 F.2d 1368 (9th Cir. 1993) (overruling conviction for violation of dual criminality provision of treaty).

due to be filed.[2]   As noted below, counsel will attempt to obtain the extradition documents

elsewhere and, if its appears from examination of those documents, that there is a specific claim

under either of the above doctrines, counsel will promptly supplement this motion.

                                        Respectfully submitted,


                                        _____"/s/"_____
                                        Robert L. Tucker
                                        Counsel for Mr. Wesam Al-Delaema
                                        625 Indiana Avenue, N.W.
                                        Suite 550
                                        Washington, D.C.  20004
                                        (202) 208-7500

---

[2]The government also observed that defense counsel could attempt to obtain the
extradition documents from Mr. Delaema's counsel in the Netherlands or through the Dutch
Embassy.  While the availability of alternative means for the defense to obtain discoverable
material does not relieve the government of its obligation to produce documents "material to the
defense" under Fed.R.Cr P. 16(a)(1)(E)(i), counsel will nonetheless attempt to obtain the
materials through these sources.  Unfortunately, Mr. Delaema's Dutch counsel is on extended
personal leave.  He is due to return to the office in early June and counsel will confer with him at
that time concerning the availability of the necessary extradition documents.  If unsuccessful in
these efforts, counsel will file an appropriate motion to compel.