# COALITION PROVISIONAL AUTHORITY ORDER NUMBER 13 (REVISED)

# THE CENTRAL CRIMINAL COURT OF IRAQ

Pursuant to my authority as head of the Coalition Provisional Authority (CPA) and the laws and usages of war, and consistent with relevant U.N. Security Council resolutions, including Resolution 1483 (2003), Committed to promoting the development of a judicial system in Iraq that warrants the trust, respect and confidence of the Iraqi people, Noting the continuing need for military support to maintain public order, Furthering the CPA's duty to restore and maintain order and its right to ensure its security and fundamental standards of due process, Recognizing the role that Iraqi jurists and legal systems must assume in addressing those serious crimes that most directly threaten public order and safety, Acting on behalf, and for the benefit of the Iraqi people, I hereby promulgate the following:

## Section 1: Establishment of Central Criminal Court of Iraq

1) There shall be established a Central Criminal Court of Iraq (hereinafter ',the Central Court"), which shall sit in the city of Baghdad and in such circuit sessions in other locations in Iraq as provided for in this Order. The Central Court shall have national jurisdiction over matters referred to it in accordance with Section 20.

2) The Central Court shall consist of two chambers:

   a) an Investigative Court; and
   b) a Trial Court.

## Section 2: The Investigative Court

1 The Investigative Court shall consist of a single judge, and will operate in accordance with the requirements and procedure of Investigative Courts under the Iraqi Law on Criminal Proceedings of 1971, as amended, and as further modified by any CPA Orders, Implementing Memoranda and this Order.

2) The Investigative Court shall have jurisdiction over all criminal offenses assigned to it by the Administrator.

3) The Investigative Court shall not have jurisdiction over any civil matter, other than victim compensation claims associated with a criminal matter before the court, or any matter not assigned to it by the Administrator.

## Section 3: Trial Court

1) The Trial Court shall be constituted as a three member judicial panel, which will operate in accordance with the requirements and procedures of Felony Trial Courts under the Iraqi Law on Criminal Proceedings of 1971, as amended, and further modified by any CPA Orders, Implementing Memoranda and this Order.

2) The Trial Court shall have jurisdiction only over matters referred to it by the Investigative Court of

the Central Court.

## Section 4: Applicable Law

In exercising its jurisdiction, the Central Court shall apply the 1969 Penal Code of Iraq, as modified by CPA Order No 7 (CPA/ORD/9 June 2003/07) and the 1971 Criminal Proceedings Code of Iraq as modified by CPA Implementing Memorandum No 3 (CPA/MEM/18 Jun 2003/03). The Central Court shall have jurisdiction over crimes committed in Iraq since 19 March 2003, such as are referred to it by the Administrator in accordance with Section 20.

## Section 5: Judges of the Central Court

1 The judges of the Central Court shall be appointed for a term of one year by the Administrator, following recommendations from the Judicial Review Committee. The term of appointment may be extended by agreement. Judges shall be appointed in accordance with the following criteria:

    a) be an Iraqi national;
    b) be of high moral character and reputation;
    c) have a background of either opposition to the Ba'ath Party, non-membership of the Ba'ath Party or membership that does not fall within the leadership tiers described in CPA/ORD/16 May 2003/01 and entailed no involvement in Ba'ath Party activity;
    d) have no criminal record unless the record is a political or false charge made by the Ba'ath Party regime;
    e) have had no involvement in criminal activities;
    f) have demonstrated a high level of legal competence; and
    g) be prepared to sign an oath of office.

2) A judge of the Central Court may only be removed by the Administrator where there is clear evidence of unlawful or unethical conduct, breaches of the requirements of this Order, or incompetence on the part of the member.

3) The Administrator may appoint reserve judges of the Central Court in accordance with the criteria set out in this section. Reserve judges may act as judges of the Central Court when a panel member is for any reason unable to perform his or her duties, or otherwise provide additional support as necessary.

4) Judges of the Central Court shall not disclose any information or personal data related to or obtained in the discharge of their functions, except where authorized by the Administrator for public information or research purposes.

## Section 6: Independence of the Judiciary

1) Judges of the Central Court shall perform their duties independently and impartially, and in accordance with applicable laws in Iraq and the oath or solemn declaration given by them to the Administrator pursuant to this Order.

2) Judges of the Central Court shall decide matters before them without discrimination on the grounds of race, nationality, ethnicity or religion and in accordance with their impartial assessment of the facts and their understanding of the law, without improper influence, direct or indirect, from any source.

3) Any hierarchical organization of the judges or any difference among judges in grade or rank shall in

no way interfere with the duty of the judge, whether exercising jurisdiction individually or acting collectively on a panel, to pronounce judgment in accordance with this Order.

4) While in office, judges and prosecutors of the Central Court shall be barred from accepting political or any other public office, or from accepting any employment, including for teaching law, participating in the drafting of law, or carrying out legal research on a part-time basis, unless for honorary unpaid purposes.

## Section 7: Refusal of Justice

No judge of the Central Court may refuse to hear, try or decide a case that is brought before the court in accordance with the relevant procedural provisions.

## Section 8: Disqualification of Judges

1) The Administrator may, at the request of a judge or a party to a proceeding, excuse that judge from the exercise of a function in any case in which the impartiality of the judge might reasonably be doubted on any ground.

2) A judge of the Central Court shall be disqualified from a case in accordance with this Order if that judge has previously been involved in any capacity in that case before the court.

3) A judge of the Central Court shall be obliged to request that the Administrator excuse him or her from the exercise of a function in any case in which a party to the proceedings is a spouse, relative of second degree or other close relationship of that judge.

4) Any question as to the disqualification of a judge shall be decided by the Administrator.

## Section 9: Legal Cooperation

1) All Courts in Iraq shall cooperate with a request by the Central Court to:

> a) question witnesses who are registered or permanently accommodated in the area of the requested court's jurisdiction;
> b) carry out at-the-scene examinations or re-enactments of crimes in the area of the requested court's jurisdiction;
> c) serve summonses of the Central Court on witnesses in the requested court's jurisdiction;
> d) serve decisions of the Central Court on individuals in the requested court's jurisdiction;
> e) execute the decisions of the Central Court if the subject of dispute is located in the requested court's jurisdiction;
> f) access files of the requested court for information purposes or decision.

## Section 10: Hearings

Hearings of the Central Court and deliberations, generally, shall take place at the seat of the court in Baghdad and in such circuit locations in any other part of Iraq as the Administrator determines.

2) The panel of judges or, here applicable, the individual judge may decide to hold hearings of the court in places other than at the seat of the court or circuit locations, if the interests of justice require. In

making the decision, the panel of judges or the individual judge shall be guided by the particular circumstances of the case and their responsibility to facilitate equal access to justice.

3) The hearings of the court, including the pronouncement of the decision, shall be public, unless otherwise determined by the Secretary or by Iraqi law.

4) Radio and television broadcasting within the courtroom is prohibited, except for the broadcast of a final judgment in appropriate cases.

5) The hearings of the Central Court, including the pronouncement of the decision, shall be public, unless otherwise determined by the judge or judges in accordance with Iraqi law or due to security considerations.

6) The deliberations of a judge or judges shall remain confidential.

## Section 11: Transcript of Proceedings

The Secretary shall ensure that, in each hearing conducted by the Trial Court, a transcript of the proceedings. The transcript will be made available, on request, to all parties to the proceedings, including their legal counsel.

2) In the case of the Investigative Court the judge shall take, as appropriate, notes of the proceedings and submit them to the files.

3) Upon request, the transcript or notes shall be made available to the public, unless a determination has been made under this Order that the hearing shall not be public.

## Section 12: Translation Service

The Central Court shall provide translation and interpretation services in every case where a party to the proceedings, or a judge, or a witness, or expert witness does not sufficiently speak or understand the language spoken in that court.

## Section 13: Penalties

The penalties imposed by the Central Court shall be as prescribed for their equivalent courts under Iraqi law, as modified by CPA/ORD/9 June 2003/07or subsequent CPA Implementing Memoranda or Orders.

## Section 14: Prosecution Service

1) The Public Prosecutor's Office shall have the authority to recommend proposed charges to the Investigative Judge, in matters that are to be brought before the Central Court.

2) The Public Prosecutor's office shall be represented at every stage of proceedings before any of the chambers of the Central Court and will appear as a full servant of the court to present witnesses, examine or cross examine all witnesses and adduce admissible evidence.

3) There shall be three Prosecutors appointed by the Administrator to the Central Court who shall serve for terms to be determined by the Administrator. The Administrator shall have the authority to remove a

Prosecutor.

## Section 15: Court Registry

There shall be a Registry for the Central Court. The Registry shall have responsibility for the receipt of documents to be filed in the court, for organizing court documents and ensuring security of court documents, and for such other functions as are permitted by Iraqi law and by CPA Order or Memorandum.

2) The staff of the Registry shall have legal and administrative skills, and shall be appointed by the Ministry of Justice

## Section 16: Court Staff

1) Each chamber of the Central Court shall have such qualified staff as may be required for the proper functioning of the chambers and the discharge of the responsibilities of its judges.

2) Each panel of judges or each individual judge shall be assisted during the trial sessions by a member of the court staff.

3) The court staff shall be selected by the Ministry of Justice.

## Section 17: Investigative Support

1) The Investigative Court or Prosecutor shall be able to request the investigation of matters arising from material presented to the judge. Investigative support will be coordinated through the Senior Adviser of the Ministry of Justice.

2) The Prosecutor may draw on Iraqi and Coalition resources in order to meet the requests of the Investigative Court. Any material produced by Coalition resources will be admissible in evidence if it satisfies the requirements of Iraqi law as modified by any CPA Order or Memorandum.

3) The Central Court shall not be able to compel the production of Coalition documentary or other material or the attendance of Coalition personnel.

## Section 18: Amicus Curiae

Any CPA or Coalition Forces personnel shall have the right to appear before any of the chambers of the Central Court as am cus curiae for the purpose of adducing or proving evidence.

## Section 19: Duration of Central Court

The Central Court shall remain in operation for a period to be determined by the Administrator or as provided by an internationally recognized, representative government established by the people of Iraq which assumes the responsibility of the CPA. The functions, constitution and jurisdiction of the Central Court may be subject to adjustment by further Orders or Implementing Memoranda of the CPA or as provided by an internationally recognized, representative government established by the people of Iraq which assumes the responsibility of the Authority

## Section 20: Selection of Matters

1) The Administrator, on the advice of the CPA General Counsel, shall determine the matters that are to be submitted to the Central Court. In malting this determination the following criteria shall be applied:

   a) The accused is suspected of committing a felony that:

      i) is intended to destabilize government institutions or processes, in Iraq;
      ii) involves violence of a scale or organization that transcends provincial boundaries;
      iii) involves race, nationality, interethnic c or religious based violence;
      iv) is related to the instigation of the removal by force of any government, the CPA or competent Iraqi authorities;
      v) involves the illegal trafficking in weapons, drugs or persons across provincial boundaries or international borders; or
      vi) involves the use of fraudulent practices across provincial boundaries and international borders.

   b) The accused held a position of influence within the prior regime, and as a result of that position, may still be capable of influencing the decisions of the judiciary or other governmental institutions.
   c) The accused is suspected of committing a crime of violence that involves multiple victims.
   d) The accused, either acting alone or as part of a group, is engaged in criminal and or terrorist activities that are directed at the civilian population or members of the CPA or Coalition Forces operating legally within Iraq.
   e) The accused is suspected of an offense that involves bribery, solicitation of a bribe or any form of public corruption or misconduct.

2) Requests for referrals of cases to the Central Court shall be forwarded by the Senior Adviser of the Ministry of Justice to the Administrator. The Senior Adviser may file such requests on his own initiative or in response to an application:

   a) accused persons under Iraqi law;
   b) any Iraqi court;
   c) the Commander Coalition Forces; and
   d) the Senior Adviser of the Ministry of Interior.

3) This Order shall not apply to courts-martial, military commissions, provost courts and other military tribunals convened by member states of the Coalition. Nothing in this Order shall deprive courts-martial, military commissions, provost courts or other military tribunals of jurisdiction that exists under the law of war or law of occupation. Coalition Forces shall not be permitted to retry any person dealt with b the Central Court for substantially the same offense.

4) No other Iraqi court shall be permitted to retry or punish any person already convicted or acquitted by the Central Court for substantially the same offense.

## Section 21: Appeals

1) The accused, the plaintiff and the Prosecutor shall have the right of appeal from the decisions of the Investigative Court to the Trial Court.

2) The accused, the plaintiff, and the Prosecutor shall have the right of appeal from the decisions and judgments of the Trial Court to the Court of Cassation.

3) All appeals arising from Central Court proceedings shall be heard in accordance with the 1971 Criminal Proceedings Code of Iraq, as amended, and as modified by CPA Implementing Memorandum No 3 referred to herein.

## Section 22: Representation of the Accused

1) All accused persons appearing before the Central Court, shall have the right to representation by an attorney of their choice. Where an accused person is unable to afford the services of an attorney the Central Court will provide them with a suitably qualified attorney.

2) Any counsel provided for the accused in accordance with relevant Orders and Implementing Memoranda of the CPA shall have at least five years trial experience.

## Section 23: Entry into Force

This Order shall enter into force on the date of signature.

L . Paul Bremer, Administrator

Coalition Provisional Authority

July 11, 2003