# COALITION PROVISIONAL AUTHORITY MEMORANDUM NUMBER 3

# CRIMINAL PROCEDURES

Pursuant to my authority as Administrator of the Coalition Provisional Authority (CPA) and the laws and usages of war, and consistent with relevant U.N. Security Council resolutions, including Resolution 1483 (2003), Recognizing the CPA's obligation to restore law and order, provide for the safety of the people of Iraq, and ensure fundamental standards for persons detained, Acting, in particular, consistent with the Fourth Geneva Convention of 1949 Relative to the Treatment of Civilians in Time of War (hereinafter "the Fourth Geneva Convention"), Noting the deficiencies of the Iraqi Criminal Procedure Code with regard to fundamental standards of human rights, I hereby promulgate the following:

## Section 1: Purpose

1) This Memorandum implements CPA Order No. 7 by establishing procedures for applying criminal law in Iraq, recognizing that the effective administration of justice must consider:

    a) the rehabilitation of the Iraqi investigative and trial capability;
    b) the continuing involvement of Coalition forces in providing critical support to many functional aspects of the administration of justice;
    c) the need to transition from this dependency on military support;
    d) the need to modify aspects of Iraqi law that violate fundamental standards of human rights;
    e) the ongoing process of security internee management as provided for by the Fourth Geneva Convention; and
    f) the possibility of the exercise of jurisdiction by Coalition authorities regarding the commission of war crimes against Coalition forces.

2) The procedures set out in this Memorandum will be subject to review and amendment as circumstances warrant, to continue to improve the rights of Iraqis and the administration of justice in Iraq. The provisions set out herein give effect to the requirements of international humanitarian law.

## Section 2: Relation of Jurisdictions

1) The provisions of this Memorandum do not apply to, bind, or in any manner affect any military courts, commissions or tribunals or any associated process, established by the Coalition or any of its member States.

2) Nothing in this Memorandum shall deprive courts martial, military commissions or military tribunals of their jurisdiction as provided for under the laws of a Coalition member State or in accordance with the laws and usages of war.

3) No Iraqi court, including the Central Criminal Court of Iraq as established by CPA/ORD/18 Jun 2003/13, shall have jurisdiction over any personnel of a Coalition member state in any matter, whether civil or criminal.

## Section 3: Preservation of Laws

ATTACHMENT H

All provisions of the Iraqi Law on Criminal Proceedings of 1971, as amended (hereinafter "the Procedure Code"), shall continue in force unless expressly modified by this Memorandum.

## Section 4: Suspension and Amendment of Provisions

The following provisions of the Procedure Code shall be suspended and or amended:

a) In paragraph 61 (c) delete the word "may" and insert the word "must".
b) In paragraph 70 delete the words "As far as possible".
c) In paragraph 123 add the following; "(b) Before questioning the accused the examining magistrate must inform the accused that:

i) he or she has the right to remain silent and no adverse inference may be drawn from accused's decision to exercise that right;
ii) he or she has the right to be represented by an attorney, and if he or she is not able to afford representation, the Court will provide an attorney at no expense to the accused;

(c) The examining magistrate or investigator must determine if the accused desires to be represented by an attorney before questioning the accused. If the accused desires an attorney the examining magistrate or investigator shall not question the accused until he or she has retained an attorney or an attorney has been appointed by the Court."
d) Paragraph 136 is hereby suspended.
e) In paragraph 144 (a) delete the words "at a rate of no less that 10 dinars and no more than 50 dinars, with the cost borne by the state treasury.", and in 144 (b) delete the words "of no more than 50 dinars".
f) In paragraph 168 (b) delete the words "via the court".
g) in paragraph 179 delete the words "A refusal to answer will be considered as evidence against the defendant."
h) In paragraph 184 (a) delete the word "must" and insert the word "may".
i) In paragraph 199 (a) delete the words "based on permission from the Minister of Justice".
j) In paragraph 213 (c) delete the words "and if there is no other evidence which proves it to be a lie."
k) In paragraph 218 delete everything in the paragraph after the word "coercion" where occurring for the first time.
l) Paragraph 221 is hereby suspended.
m) Paragraphs 285-293 are hereby suspended;
n) In paragraph 298 delete the words "by one half of one dinar" wherever occurring.
o) In paragraph 299 (b) delete the words "one day for each one half of one dinar outstanding" and insert in place the words "reduced proportionally to the amount outstanding".
p) Paragraph 306 is hereby suspended.
q) In paragraph 320 delete the words "and with the payment, within a specified period, of surety of not less than 20 dinars and not more than 200 dinars.
r) In paragraph 324 delete the words "of no less than 50 dinars and not exceeding 500 dinars".
s) Paragraph 371 (b) is hereby suspended. Section 5 Advice of Rights At the time an Iraqi law enforcement officer arrests any person, the officer shall inform that person of his or her right to remain silent and to consult an attorney.

## Section 6: Criminal Detentions

1) Consistent with the Fourth Geneva Convention, the following standards will apply to all persons who

are detained by Coalition Forces solely in relation to allegations of criminal acts and who are not security internees (hereinafter "criminal detainees"):

> a) Upon the initial induction into a Coalition Force detention centre a criminal detainee shall be apprised of his rights to remain silent and to consult an attorney.
> b) A criminal detainee suspected of a felony offence may consult an attorney 72 hours after induction into a Coalition Force detention centre.
> c) A criminal detainee shall be promptly informed, in writing, in a language which they understand, of the particulars of the charges preferred against them.
> d) A criminal detainee shall be brought before a judicial officer as rapidly as possible and in no instance later than 90 days from the date of induction into a Coalition Force detention centre.
> e) Access to detainees shall be granted to official delegates of the International Committee of the Red Cross (ICRC). Access will only be denied delegates for reasons of imperative military necessity as an exceptional and temporary measure. ICRC delegates shall be permitted to inspect health, sanitation and living conditions and to interview all detainees in private. They shall also be permitted to record information regarding a detainee and to pass messages to and from the family of a detainee subject to reasonable censorship by the facility authorities.

2) Where any criminal detainee held by Coalition Forces is subsequently transferred to an Iraqi Court, a failure to comply with these procedures shall not constitute grounds for any legal remedy, but any period spent in detention awaiting trial or punishment shall be deducted from any period of imprisonment imposed.

## Section 7: Coalition Forces Security Internee Process

1) Consistent with the Fourth Geneva Convention, the following standards will apply to all persons who are detained by Coalition Forces when necessary for imperative reasons of security (hereinafter "security internees"):

> a) In accordance with Article 78 of the Fourth Geneva Convention, Coalition Forces shall, with the least possible delay, afford persons held as security internees the right of appeal against the decision to intern them.
> b) The decision to intern a person shall be reviewed not later than ix months from the date of induction into an internment facility by a competent body established for the purpose by Coalition Forces.
> c) The operation, condition and standards of any internment facility established by Coalition Forces shall be in accordance with Section IV of the Fourth Geneva Convention.
> d) Access to internees shall be granted to official delegates of the ICRC. Access will only be denied delegates for reasons of imperative military necessity as an exceptional and temporary measure. ICRC delegates shall be permitted to inspect health, sanitation and living conditions and to interview all internees in private. They shall also be permitted to record information regarding an internee and to pass messages to and from the family of an internee subject to reasonable censorship by the facility authorities.
> e) If a person is subsequently determined to be a criminal detainee following tribunal proceedings concerning his or her status, or following the commission of a crime while in internment, the period that person has spent in internment will not count with respect to the period set out in Section 6 (1) (d) herein.
> f) Where any security internee held by Coalition Forces is subsequently transferred to an Iraqi Court, a failure to comply with these procedures shall not constitute grounds for any legal remedy, but may be considered in mitigation of sentence.

## Section 8: Legal Consultation and Representation

1) With the exception of the circumstances set out in Section 6 (1) (b) all criminal detainees suspected of a felony offense shall have the right to consult with an attorney while in detention.

2) All accused persons appearing before any Iraqi court, including the Central Criminal Court of Iraq, shall have the right to representation by an attorney of their choice. Where an accused person is unable to afford the services of an attorney the Court will provide them with a suitably qualified attorney at no expense to the accused person.

## Section 9: Entry into Force

This memorandum shall enter into force on the date of signature.

6/18/03

L. Paul Bremer