Paragraph 44 - The right of legal defence of property does not permit murder unless it is intended that one of the following situations is to be avoided:
(1) Arson.
(2) Theft.
(3) Entering at night a residential building or part thereof.
(4) An act as a result of which it is reasonably feared that death or injury may occur.

Paragraph 45 - The right of legal defence does not permit the infliction of greater harm than is necessary and if the person concerned oversteps the limits of that right either deliberately or negligently or if he mistakenly thinks that he is' in a situation of legal defence, then he will be responsible for the offence he. commits. In this case, the court is only permitted to impose the penalty for a misdemeanour rather than that prescribed for a felony and the penalty for an infraction rather than that prescribed for a misdemeanour.

Paragraph 46 - The right of legal defence does not permit any person to resist a member of the public authorities in the execution of his duties even though he has overstepped the bounds of that duty while acting in good faith, unless it is reasonably feared that death or serious injury will result.

## SECTION FIVE
## Parties to a crime

### 1. The principal and accessory

Paragraph 47 - The following are considered to be principals to an offence:
(1) Any person who commits an offence by himself or with others.
(2) Any person who participates in the commission of an offence that consists of a number of acts and who wilfully carries out one of those acts during the commission of that offence.
(3) Any person who incites another in any way to commit an act contributing to an offence if that person is not in any way criminally liable for the offence.

Paragraph 48 - The following are considered to be accessories to an offence:

ATTACHMENT J

13

(1) Any person who incites another to commit an offence and that offence is committed on the basis of such incitement.
(2) Any person who conspires with others to commit an offence and that offence is committed on the basis of such conspiracy.
(3) Any person who knowingly supplies the principal to an offence with a weapon, instrument or anything else to commit an offence or deliberately assists him in any other way to carry out those acts for which he has received assistance.

Paragraph 49 - An accessory is considered to be a principal to an offence under the provisions of Paragraph 48, if he is present during the commission of that offence or any act contributing to that offence.

Paragraph 50 - (1) Any person who participates in the commission of an offence as principal or accessory is punishable by the penalty prescribed for that offence unless otherwise stipulated by law. .
(2) An accessory is punishable by the penalty prescribed by law, even though the principal is not punishable due to lack of criminal intent on his part or for other circumstances in respect of him.

Paragraph 51 - If there exists material circumstances in the offence that would by their nature increase or decrease the penalty, then they will affect all parties to the offence, principal or accessory, whether they are aware of those circumstances or not.

If there are personal aggravating circumstances which facilitated the commission of the offence, then they will not affect any person other than the person concerned, unless that other person is aware of them.

Any other circumstance will not affect the person concerned, whether or not it is aggravating or extenuating.

Paragraph 52 - If there exists any personal defences which absolve one of the parties to an offence, whether as principal or accessory, from the penalty or which reduce that penalty, than it affects only the person concerned.

Any material defence that absolves a party to an offence from the penalty or reduces that penalty will apply in respect of all parties to the offence.

14

Paragraph 53 - A party to an offence, whether as principal or accessory, is only punishable by the penalty for the offence that has actually been committed even though he did not intend to commit the offence, as long as the offence that is committed is the probable consequence of his participation in it.

Paragraph 54 - If the intent of a party to an offence, whether as principal or accessory, or if his knowledge of the offence differs from the intent of the other parties to that offence or the extent of their knowledge of it, then they will each be punishable according to their intent or the extent of their knowledge of the offence.

## 2. Criminal Conspiracy

Paragraph 55 - A criminal conspiracy is considered to be an agreement between two or more people to commit a felony or misdemeanour such as theft, fraud or forgery, whether or not it is a specified offence or arises out of acts that are aided and abetted, even though that agreement is in the initial planning stages or has been in existence only for a short time.

The agreement is considered to be a criminal one whether the final objective is to commit an offence or to achieve a legitimate aim by the commission of that offence.

Paragraph 56 - (1) Any member of a criminal conspiracy, even though he did not attempt to commit the planned offence, is punishable by a term of imprisonment not exceeding 7 years if the planned offence is a felony or by a period of detention not exceeding 2 years or a fine not exceeding 150 dinars if the offence is a misdemeanour. This is as long as the law does not stipulate a specific penalty for conspiracy.
    (2) If the aim of the conspiracy is to commit a specified offence for which the penalty is less than that stipulated in the preceding Sub-Paragraph, then the penalty will not be greater than one quarter of the maximum limit prescribed for that offence.

Paragraph 57 - (1) Any person who attempts to set up a criminal conspiracy or who plays a major part in it is punishable by a term of imprisonment not exceeding 10 years if that offence is a felony and by a period of detention not exceeding 3 years or a fine or both if the offence is a misdemeanour.
    (2) If the aim of the conspiracy is to commit a specified offence and the penalty for that offence is less than that

stipulated in the previous Sub-Paragraph, then the penalty will not be greater than one quarter of the maximum limit prescribed for that offence.

Paragraph 58 - Any person who gives assistance to a conspirator or facilitates the meetings of a group of conspirators or gives them shelter or helps them in any way knowing the aim of the conspiracy is punishable by the penalty prescribed in Paragraph 56.

Paragraph 59 - Any person is exempted from the penalties prescribed in Paragraphs 56, 57 and 58 if he promptly notifies the public authorities of the existence of a criminal conspiracy and of the participants before any offence is committed as a result of that conspiracy and before those authorities have begun to investigate the conspirators.

If the authorities are notified after they have begun their investigations, then he is not exempted from the penalty unless the information leads to the arrest of the conspirators.

CHAPTER FOUR
The Criminal.

SECTION ONE
Criminal liability and exemptions from it

1.   Loss of reason and volition .

Paragraph 60 - Any person who, at the time of the commission of the offence, is suffering from a loss of reason or volition due to insanity or infirmity of mind or because he is in a state of intoxication or under the influence of drugs resulting from the consumption of intoxicating or narcotic substances given to him against his will or without his knowledge or due to any other reason which leads one to believe that he has lost his reason or volition is not criminally liable. However, if he is not suffering from any infirmity of mind nor is under the influence of intoxicating, narcotic or other substances but only from a defect of reason or volition at the time of the commission of the offence, then it is considered a mitigating circumstance.

  (b) Any person who wilfully destroys, steals, conceals or alters a document or anything else that will facilitate the discovery of the offence or evidence thereof or the punishment of the offenders.

(2) The spouse of the offender as well as his ancestor, descendant, brother or sister are exempt from any punishment in the event of their giving the offender assistance, sustenance or shelter. The court may apply a reduced penalty to these persons in circumstances other than those described in Sub-Paragraphs (a) and (b).

  Paragraph 184 - The following persons are punishable by life imprisonment or imprisonment for a term of years:
  (1) Any person who knowingly offers shelter to enemy spies or military personnel or gives them food, clothing or other form of assistance.
  (2) Any person who knowingly facilitates the escape of a POW or enemy detainee.

  Paragraph 185 - Any person who, by giving financial, material or moral support, incites the commmission of those offences stipulated in the preceding Paragraphs of this chapter without intending to be a party to them is punishable by a term of imprisonment not exceeding 7 years or by detention plus ,a fine not exceeding 500 dinars.

  Paragraph 186 - Any person who is aware of the commission of an offence stipulated in, this Chapter and does not notify the public authorities is punishable by detention plus a fine not exceeding 500 dinars or by one of those penalties. This Paragraph does not apply to the spouse of the offender nor to his ancestor, descendant, brother or sister.

  Paragraph 187 - An offender who notifies the authorities of everything he knows about the offence before it is committed and prior to any investigation into that offence will be exempt from the penalties prescribed for the offences stipulated in this chapter. The Court may exempt such a person from the penalty, if such information is forthcoming after the commission of the offence but before any investigation takes place.

  The court may reduce the penalty or grant an exemption if the offender, during the investigation or legal proceedings, assists the authorities in apprehending any of the other parties to the offence.

CHAPTER TWO
Offences against the internal security of the State

Paragraph 190 - Any person who attempts to overthrow by force or with the use of violence the constitutionally appointed Republican regime or change the constitution o the State or the formation of the government is punishable by life imprisonment or imprisonment for a term of years. If the offence is committed by a group using bombs, dynamite or other explosives or firearms, the penalty will be death or life imprisonment. The penalty will be death if the offence results in any fatalities.

Paragraph 191 - Any person who, with criminal intent, takes command of part of the armed forces or a military post or port or town without authorisation from the government is punishable by death or life imprisonment. The same penalty applies to any person who remains in a position of military command in contravention of the orders given to him by the government and to any commander who maintains his units under arms or mobilised after the government has ordered their demobilisation or disbandment.

Paragraph 192  (1) Any person who attempts to incite armed rebellion against the constitutionally appointed authorities or who is a member of a conspiracy or group aspiring to that end is punishable by imprisonment.
(2) If such rebellion actually occurs, then the penalty is life imprisonment.
(3) If such rebellion results in an armed confrontation with the armed forces of the State or in fatalities or if the offender is the commander in charge of an armed force, the penalty will be death.

Paragraph 193 - Any person who is entitled to command units of the armed forces and who asks or instructs those units to obstruct the execution of the government's orders is punishable by life imprisonment or imprisonment for a term of years if he has criminal intent. If such an act does result in the obstruction of the government's orders, he is punishable by death or life imprisonment and any commander who obeys that person's orders is punishable by life imprisonment or imprisonment for a term of years.

Paragraph 194 - Any person who organises, directs or assumes command of an armed group that attacks any sector of the

52

population or has, as its objective, the prevention of the rule of law, the invasion of territory or the appropriation by force of property belonging to the State or a group of people or who resists with the use of arms members of the public authorities is punishable by death. However, any person who joins such a group without participating in its formation or assuming control of it is punishable by life imprisonment or imprisonment for a term of years.

Paragraph 195 - Any person who has as his objective incitement to civil war or sectarian fighting by arming the population or by encouraging one section of the population to arm itself against another or by urging them to fight is punishable by life imprisonment. The penalty will be death if the objective is realised.

Paragraph 196 - Any person who attempts to occupy with the use of force or menaces any public property or building or building belonging to a government agency or departments or public utility or general establishment or to take control in any way of such property or prevent it from being used for the purpose for which it was intended.
  If the offence is committed by an armed group, the penalty will be life imprisonment or imprisonment for a term of years for its members or death or life imprisonment for the person who formed the group or assumed the leadership or command of that group.

Paragraph 197 - (1) Any person who wilfully destroys, demolishes, spoils or seriously damages a public building or property or property belonging to a government agency or department or public utility or general establishment or property belonging to associations considered by law to be for the public welfare or oil installation or any other state industrial installation or hydroelectric power station or means of communication or bridge or dam or public waterway or place set aside for public use or recreation or any public property of significant importance to the national economy with intent to overthrow the constitutionally appointed regime is punishable by death or life imprisonment.
  (2) The penalty is death if the offender uses explosives in the commission of the offence or if that offence leads to the death of any person found in such place.
  (3) The penalty is life imprisonment or imprisonment for a term of years if the offence is committed in time of civil unrest or riot or with intent to spread panic among the

53

population or create anarchy but without the offender intending to overthrow the constitutionally appointed regime.

    (4) The penalty is imprisonment for a term of years for any person who wilfully contributes to the destruction of anything mentioned in Sub-Paragraph 1 or to the obstruction of the normal course of its operation.

    (5) The offender will in all cases be ordered to pay for such damage or destruction.

    Paragraph 198 - (1) The following persons are punishable by a term of imprisonment not exceeding 10 years:
- (a) Any person who incites the commission of an offence stipulated in Paragraphs 190 to 197 and nothing results from such incitement.
- (b) Any person who invites the commission of such offences by providing material or financial assistance without intending to participate in their commission.

    (2) If such incitement or encouragement is directed at a member of the armed forces, the penalty is life imprisonment.

    Paragraph 199 - Any person who incites a member of the armed forces to disobey an order or to deviate from the execution of his duties even though no offence is committed is punishable by a term of imprisonment not exceeding 7 years plus a fine not exceeding 500 dinars. The same penalty applies to any person who assists a member of the armed forces to desert or knowingly shelters a deserter or provides him with shelter.

    A deserter's wife, ancestor, descendant, brother or sister are exempt from the penalty prescribed for the offence of sheltering or providing shelter for a deserter.

    Paragraph 200 - (1) The following persons are punishable by death:
- (a) Any person who is a member of the Arab Socialist Ba'ath Party and who wilfully conceals any previous party or political membership or affiliation.
- (b) ($i^{10}$) Any person who is or has been a member of the Arab-Socialist Ba'ath Party and who is found to have links during his commitment to the Party with any other political or party organisation or to be working for such organisation or on its behalf.

---

(i) Sub-Paragraphs (a) and (b) have been added to Paragraph 200 in accordance with Law No 107 (1974) published in Al-Waqai' Al'Iraqiya No 2290 on 22/8/74. Sub-Paragraph 1 was considered to be part of Paragraph and Sub-Paragraph 2 to be the original paragraph.

58

Paragraph 215 - Any person who produces, imports, exports or obtains a picture, written material or sign with intent to trade, distribute, display or exhibit such material, which, by its nature, endangers the public security or brings the country into disrepute unless he was acting in good faith is punishable by detention plus a fine not exceeding 300 dinars or by one of those penalties.

Paragraph 216 - (1) Any person who participates in a criminal conspiracy, the objective of which is to commit an offence stipulated in Paragraphs 190. to 193 and 195 to 197 or to use that offence as a means to achieve the intended objective is punishable by life imprisonment. or imprisonment for a term of years.
(2) Any person who attempts to set up that conspiracy or who plays a major part in setting it up is punishable by life-imprisonment.
(3) If the objective of such conspiracy is to commit a specified offence or to use that offence as a means to achieve the intended objective and the penalty for that offence is less than that prescribed in the preceding two Sub-Paragraphs, the penalty will not be greater than that prescribed for the offence.
(4) Any person who invites another to participate in the conspiracy and his invitation is declined is punishable by detention.

Paragraph 217 - Any person who participates in a criminal conspiracy or in a gang, association, club, organisation or branch described in this Chapter and who is neither an employee nor in a position of leadership and who dissociates himself from it on first being instructed to do so by the official authorities is exempt from any penalty. He may, in such a case, be punished for other offences he has already committed himself.

Paragraph 218 - Any person who notifies the public authorities prior to committing an offence and before the initiation of an investigation into such offence is exempt from the penalties prescribed in the preceding Paragraphs of this Chapter. The court may exempt him from the penalty if such notification is made after the commission of the offence but before the initiation of the investigation.
The court may also exempt that person from the penalty if he assists the authorities during the investigation to apprehend the other parties to the offence.

103

Paragraph 402 - (1) The following persons are punishable by a period of detention not exceeding 3 months plus a fine not exceeding 30 dinars or by one of those penalties:
  (a) Any person who makes indecent advances to another man or woman.
  (b) Any person who assails a woman in a public place in an immodest manner with words, actions or signs.

(2) The penalty will be a period of detention not exceeding 6 months plus a fine not exceeding 100 dinars if the offender, having been previously convicted for such offence, reoffends within a year of the date of such conviction.

Paragraph 403 - Any person who produces, imports, publishes, possesses, obtains or translates a book, printed or other written material, drawing, picture, film, symbol or other thing that violates the public integrity or decency with intent to exploit or distribute such material is punishable by a period of detention not exceeding 2 years plus a fine not exceeding 200 dinars or by one of those penalties. The same penalty applies to any person who advertises such material or displays it in public or sells, hires or offers it for sale or hire even though it is not in public or to any person who distributes or submits it for distribution by any means.
If the offence is committed with intent to deprave, it is considered to be an aggravating circumstances.

Paragraph 404 - Any person who himself or through some mechanical means sings or broadcasts in a public place obscene or indecent songs or statements is punishable by a period of detention not exceeding 1 year or by a fine not exceeding 100 dinars.

PART THREE
Offences against the person

CHAPTER ONE
Offences affecting the life and physical safety of others

SECTION ONE
Murder

Paragraph 405 - Any person .who willfully kills another is punishable by life imprisonment or imprisonment for a term of years.

126

Paragraph 475 - The court may order the conviction for any offence stipulated in the preceding Paragraphs of this section to be published.

## SECTION NINE
## Violation of the rights of corporate ownership

Paragraph 476 - Without prejudice to any greater penalty prescribed by law, any person who violates another's right of corporate ownership which is protected by law or by international agreement to which Iraq is a party is punishable by a fine. Any goods arising from the violation of such right will be ordered to be confiscated.

## SECTION TEN
## Damage to and destruction of property and trespass

### SUB-SECTION ONE
### Damage to and destruction of property.

Paragraph 477 - Without prejudice to any greater penalty prescribed by law:
(1) Any person who breaks, destroys or damages any moveable property which does not belong to him or renders it unsuitable for use or harms or impairs it in any way is punishable by a period of detention not exceeding 2 years plus a fine not exceeding 200 dinars or by one of those penalties.
(2) The penalty will be detention if the offence results in the closure of a public utility or frustration of an activity carried out by an agency for the public good or if it endangers the lives, health or security of others. The same penalty applies to any person who wilfully destroys, damages or defaces a building set aside for use by the public or monument erected in a public place.
(3) The penalty will be imprisonment if the offence results in the death of others.

Paragraph 478 - Without prejudice to any greater penalty prescribed by law:
(1) Any member of a group consisting of at least five persons that breaks, damages or destroys moveable or immoveable property belonging to another or renders it unsuitable for use or harms or impairs it in any way is punishable by detention.