IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff;** ) | |
| ) | |
| v. ) | Cr. No. 05-337 (PLF) |
| ) | |
| **WESAM AL DELAEMA,** ) | |
| also known as ) | |
| **WESAM KHALAF CHAYED** ) | |
| **DELAEME** ) | |
| ) | |
| **Defendant.** ) | |

**DEFENDANT'S UNOPPOSED MOTION REQUESTING THE COURT TO ISSUE
LETTER ROGATORY TO THE KINGDOM OF THE NETHERLANDS**[1]

Counsel for the defendant, Wesam Delaema, moves the Court to issue the attached letter rogatory to the Kingdom of the Netherlands. *See* Exhibit A. Counsel seeks to use the letters rogatory process to obtain the presence of witnesses at the motions hearings in this case, beginning on October 20, 2008. The defense also seeks to use the letter rogatory as a formal means of investigation and interviewing potential law enforcement witnesses in the Netherlands.

---

[1]While it is not clear that the government would otherwise have any standing to object, counsel is authorized to state that the government does not object to the issuance of a letter rogatory to the Netherlands, seeking its assistance. Counsel initially intended to file this motion *ex parte* and under seal, a procedure to which the government also did not object. But because counsel previously informed the government of the identity of the Dutch law enforcement witnesses the defense wants produced at the suppression hearing, the *ex parte* procedure is unnecessary. Counsel does, however, anticipate filing additional letters rogatory requests to aid in the preparation and presentation of evidence at trial and those likely will be filed *ex parte* and under seal.

The letters rogatory process is available to tribunals in the United States as a method for obtaining evidence in foreign countries or as a means of requesting the assistance of foreign authorities in investigating a pending case in this country. *See* 28 U.S.C. § 1781(b)(2). Letters rogatory may be issued by United States District Courts on behalf of defendants in criminal cases. *See United States v. Trout*, 633 F.Supp. 150 (N.D. Calif. 1985) (criminal defendant allowed to have district court issue letters rogatory to foreign nation in order to secure deposition of foreign witness); *United States v. Korogodsky*, 4 F.Supp. 2d 262 (S.D.N.Y. 1998) (district courts can issue letters rogatory on behalf of defendants in criminal cases). This Circuit has held that a defendant who unsuccessfully seeks to obtain relevant foreign evidence may not complain that his Sixth Amendment right to compulsory process has been violated if he failed to request that the district court issue a letter rogatory seeking foreign assistance in gathering needed evidence. *United States v. Sensi*, 879 F.2d 888, 899 (D.C. Cir. 1989). District courts can issue letters rogatory not only to interrogate witnesses, but also to gather documents in foreign nations. *See Societe Nationale Industrielle Aerospatiale v. United States District Court For the Southern District of Iowa*, 482 U.S. 522 (1987). Here, Mr. Delaema seeks to use the letters rogatory process as he would a Rule 17 subpoena to secure the presence of witnesses at the motions hearing in this case and to obtain the assistance of the Dutch authorities in investigation of this case in much the same way that the government obtains such assistance through Mutual Legal Assistance Treaty requests.

Authority for issuance of letters rogatory is usually found in 28 U.S.C. § 1781(a)(2), though letters have also been issued pursuant to the "All Writs Acts," 28 U.S.C. § 1651, as well as other statutory provisions such as Fed. R. Crim. Proc. 15. The precise procedure varies from

country to country. The letters are generally transmitted through diplomatic channels. Several State Department web sites provide information concerning the process. *See* http://travel.state.gov/law/info/judicial/judicial_683.html. The letters must be issued under the seal of the court and signed by the judge. The letters rogatory and accompanying documents must normally also be translated into the official language of the country to which they are being transmitted. Because English is so widely used in the Netherlands, counsel has not had the proposed letter rogatory transmitted into Dutch, but will do so later if necessary. Counsel is aware that the government has submitted at least some of its similar MLAT requests to the Dutch in English. Counsel has also informed the Dutch Embassy here that the letter rogatory will be transmitted in English and has received no objection. Counsel has been in frequent contact with the Dutch Embassy here and has received every indication that the Dutch government will cooperate with the request. Counsel has informed the legal representatives at the Dutch Embassy of the witnesses desired for the hearing and has been told that the names of these witnesses have already been forwarded to the appropriate officials in the Netherlands. Counsel has received communications from both the Embassy here and the Dutch Ministry of Justice that the official request must, however, come through a letter rogatory signed by the Court.

      Counsel suggests that the signed letter rogatory along with the accompanying certifications and authentications be returned to counsel, who will then deliver them to the appropriate official at the Department of State, from where they will be sent to the U.S. Embassy in Amsterdam for transmittal to the appropriate Dutch Ministry. Although the appropriate Dutch officials are aware of the defense's request, counsel has included the "time sensitive" language in the proposed order to expedite the transmittal process.

Similar letter rogatories have been issued by judges of this court, including Judge Sullivan in *United States v. Safarini*, Crim. No. 91-504 (EGS) and Judge Huvelle in *United States v. Vargas Rueda*, No. 02-198-06 (EHS). For the Court's convenience, counsel has attached the accompanying certification and authentications signed by Judge Sullivan in the *Safarini* case. *See* Exhibit B.

    Respectfully submitted,

    A.J. KRAMER
    FEDERAL PUBLIC DEFENDER


    "/s/"
    Robert L. Tucker
    Assistant Federal Public Defender
    625 Indiana Avenue, NW
    Suite 550
    Washington, DC 20004
    (202) 208-7500