IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff; ) | |
| ) | |
| v. ) | Cr. No. 05-337 (PLF) |
| ) | |
| WESAM AL DELAEMA, ) | |
| also known as ) | |
| WESAM KHALAF CHAYED ) | |
| DELAEME ) | |
| ) | |
| Defendant. ) | |

### REQUEST BY THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA FOR INTERNATIONAL JUDICIAL ASSISTANCE FROM THE KINGDOM OF THE NETHERLANDS

TO THE APPROPRIATE AUTHORITIES OF THE KINGDOM OF THE NETHERLANDS (hereinafter "The Netherlands"):

The United States District Court for the District of Colombia presents its compliments to the judicial authorities in the Netherlands and has the honor to request the assistance of the appropriate authorities in the Netherlands in connection with the prosecution of Wesam Al Delaema, also known as Wesam Khalaf Chayed Delaeme, who is charged in the District Court of the District of Colombia with a series of offenses committed in connection with his alleged involvement in attacks against United States nationals in Iraq.

1

## I. Background

A grand jury sitting in the District of Colombia returned an indictment on September 9, 2005, charging Mr. Delaema with six offenses committed in connection with attacks against United States nationals in Iraq. Specifically, Mr. Delaema is charged with the following offenses against the United States.

> Conspiracy to kill United States Nationals in violation of Title 18, United States Code, Section 2332(b).
>
> Conspiracy to Use a Weapon of Mass Destruction in violation of Title 18, United States Code, Section 2332(a)
>
> Conspiracy to Maliciously Damage or Destroy U.S. Government Property by Means of an Explosive in violation of Title 18, United States Code, Section 844(f)
>
> Possession of a Destructive Device During a Crime of Violence in violation of Title 18, United States Code, Section 924(c)
>
> Conspiracy to Possess a Destructive Device During a Crime of Violence in violation of Title 18, United States Code, Section 924(o)
>
> Teaching or Demonstrating the Making or Use of an Explosive with Intent to Further a Crime of Violence in violation of Title 18, Section 842(p)

Each of these are serious offenses under United States law and several of the offenses charged in the Indictment are punishable by potential sentence of life imprisonment.

The indictment alleges that Mr. Delaema traveled from the Netherlands to Iraq in October 2003, and that while in Iraq he conspired to murder American and Coalition troops by participating in the planting of improvised explosive devices. The Court has been informed that Mr. Delaema was arrested in the Netherlands in May 2005, after a lengthy investigation that included electronic interception of Mr. Delaema's phone calls, as well as the interception of his communications by the planting of listening devices in locations where he was known to

frequent. The Court has also been informed that Mr. Delaema was questioned by Dutch law enforcement officials on several occasions after his arrest. The Court has scheduled a hearing from October 20, 2008 through October 24, 2008, to consider legal issues under U.S. law concerning the admissibility of certain evidence. In connection with this hearing the Court requests that:

1. The government of the Netherlands make available the following witnesses to travel to Washington, D.C. during the week of October 20, 2008:

> A. Detective Sergeant C. "Kees" Verburg of the Dutch National Police Agency, Anti-Terrorism Branch. The Court has been informed that Detective Verberg participated extensively in the investigation of this case in the Netherlands and was involved in the coordination of the investigation with U.S. law enforcement.
>
> B. Rachid Sousdi, Detective Inspector, National Crime Squad Office, Amsterdam, Netherlands. The Court has been informed that Detective Sousdi was the Team Leader of what was known as the "Kapper" investigation and can testify concerning the interaction between U.S. and Dutch law enforcement agencies in this case.
>
> C. The police officer, believed to be a member of the uniformed police in Utrecht, Netherlands, who participated in the arrest of Mr. Delaema at his home on May 12, 2005, and who is identified in the Dutch Proces-Verbal relating to that arrest as "U 13."

The travel expenses of these witnesses will be paid by the United States Government.

2. That the government of the Netherlands assist defense counsel in arranging for the interviews of Dutch law enforcement officials by Robert L. Tucker, counsel for Mr. Delaema, in the Netherlands at a convenient time and location in the Netherlands. The Court requests that the arrangements for such interviews be made directly with Mr. Tucker, whose U.S. phone number is (202) 208-7500, ext. 123. Mr. Tucker can also be contacted at robert_tucker@fd.org

The United States District Court for the District of Columbia assures the judicial

authorities of Colombia that the courts of the United States are authorized by statute, 18 U.S.C. § 1781, et. seq, to assist foreign tribunals in the execution of similar requests.

### III. Time Constraints

The Court further advises the authorities in judicial authorities in The Netherlands that this request for international judicial assistance should be considered time sensitive and requests the appropriate authorities to promptly consider it.

_____
L. Paul Friedman
United States District Court Judge

September 10, 2008

## APOSTILLE
(Convention de La Haye du 5 octobre 1961)

1. Country: United States of America
   This public document

2. has been
   signed by Judge Paul L. Friedman

3. acting in
   the capacity of United States District Court Judge

4. bears the seal/stamp of U.S. District Court for the
   District of Columbia

   CERTIFIED

5. at Washington, D.C...... 6. this 11th day of September, 2008

7. by Peggy Trainum, Deputy Clerk

8. No.415

9. Seal/Stamp          10.     Signature:

*Peggy Trainum*

AO 393 (Rev. 5/81)

## STATEMENT OF EFFECT OF APOSTILLE

Apostilles certify only the authenticity of the signature of the official who signed the document, the capacity in which that official acted, and where appropriate, the identify of the seal or stamp which the document bears. An apostille does not imply that the contents of the document are correct, nor that they have the approval of the United States Courts.

Clerk, United States District Court