**FILED**
**OCT 17 2008**
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 05-0337 (PLF) |
| ) | |
| WESAM AL DELAEMA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the government's motion *in limine* seeking two evidentiary rulings related to the defendant's motion to suppress evidence.[1]

### I. BACKGROUND

Defendant Wesam Al Delaema, an Iraqi-born Dutch national, is accused of plotting to kill Americans in Iraq. Having been extradited from the Netherlands to face prosecution in the United States, he now faces six charges: (1) conspiracy to murder United States nationals outside the United States in violation of 18 U.S.C. § 2332(b)(2); (2) conspiracy to use a weapon of mass destruction in violation of 18 U.S.C. § 2332a(a); (3) conspiracy to maliciously damage or destroy United States government property by means of an explosive in violation of 18 U.S.C. § 844(f) and (n); (4) possession of a destructive device during a crime of violence, and aiding and abetting and causing an act to be done, in violation of 18 U.S.C.

---

[1] The papers submitted in connection with this matter include: Government's Motion *in Limine* for Rulings Prior to Motions Hearing ("Gov. MIL") and Defendant's Opposition to Government's Motion *in Limine* for Rulings Prior to Motions Hearing ("Gov. MIL Opp."). Both parties' papers implicate Defendant's Motion to Suppress ("Suppression Mot."), the government's opposition thereto, and defendant's reply.

§§ 924(c) and 2; (5) conspiracy to possess a destructive device during a crime of violence in violation of 18 U.S.C. § 924(o); and (6) teaching or demonstrating the making or use of an explosive with intent to further a crime of violence, and aiding and abetting and causing an act to be done, in violation of 18 U.S.C. §§ 842(p) and 2.

Mr. Delaema has filed a motion to suppress certain evidence in this case. Specifically, he seeks to suppress "(1) statements [he] made . . . to the Dutch authorities on May 2, 2005, May 11, 2005, and May 31, 2005[,] and (2) all evidence derived from wiretaps on [his] cellular telephone and those of his associates from September 10, 2004 until May 2, 2005." Suppression Mot. at 1. Mr. Delaema argues that the statements he made to Dutch authorities should be suppressed under the Fifth Amendment to the United States Constitution because they were involuntary. In the alternative, Mr. Delaema argues that even if his statements were voluntary, they should be suppressed because (1) the investigation of Mr. Delaema was a "joint venture" of American and Dutch law enforcement agencies; (2) the exclusionary rule of Miranda v. Arizona, 384 U.S. 436 (1966), applies when American investigators engage in a joint venture with foreign investigators; and (3) neither the Dutch investigators nor their American counterparts properly advised Mr. Delaema of his Miranda rights. See Suppression Mot. at 11-12 n.6; see also id. at 14 n.8. Mr. Delaema maintains that the wiretap evidence should be suppressed because its admission would violate his rights under the federal wiretap statute, 18 U.S.C. §§ 2510 *et seq.* See id. at 1-2.

The government has opposed Mr. Delaema's motion to suppress. In addition, the government has filed a motion *in limine* seeking two preliminary evidentiary rulings, both of which relate to Mr. Delaema's motion to suppress. First, the government's motion *in limine* asks

2


the Court to reject Mr. Delaema's motion to suppress the wiretap evidence – and to do so *before* the motions hearing in this case (scheduled to begin on October 20, 2008). The government argues that the Court may rule on this issue without additional argument or evidence because

> (1) [the federal wiretap statute] does not apply [extraterritorially, and therefore does not apply] to the Dutch wiretap evidence;
> (2) the Fourth Amendment – and therefore the "joint venture" doctrine – does not apply to foreign searches of the defendant, who is a nonresident alien; (3) the court lacks the supervisory power to exclude the evidence here based on a "shocks the conscience" test; and (4) the defendant has not alleged facts that would "shock the conscience."

Gov. MIL, Proposed Order at 1.

Second, the government's motion *in limine* asks the Court to set limits on Mr. Delaema's examination of witnesses with respect to the joint venture theory at the upcoming motions hearing. According to the government, this preemptive measure is necessary because defense counsel

> has repeatedly signaled his intention to use the upcoming motions hearing to engage in a broad, virtually limitless, inquiry into the cooperation, commmunications and interactions between the United States and the Netherlands during the entire course of the investigation and prosecution of the defendant.

Gov. MIL at 5. This is improper, in the government's view, because whether American and Dutch investigators "cooperat[ed], communicat[ed] and interact[ed]" is immaterial unless they cooperated, communicated and interacted in the limited number of ways that give rise to a "joint venture" under the relevant case law. The government therefore seeks an *in limine* ruling

> limiting the scope of the defendant's examination of witnesses concerning the joint venture issue to questions relevant to whether:
> (1) the United States actively participated in the interviews of the defendant by Dutch law enforcement; (2) Dutch law enforcement

3

> were acting as mere agents of the United States in interviewing the defendant; and (3) the cooperation between the United States and Dutch in this investigation was designed to evade the constitutional requirements applicable to American investigators.

Id. at 10. Mr. Delaema urges the Court to deny the government's motion *in limine*, arguing that (1) the Court's ruling on the admissibility of the wiretap evidence should await evidence to be developed at the motions hearing, see Gov. MIL Opp. at 3, and (2) the government's request to limit Mr. Delaema's joint venture-related inquiries is improper in the context of a motions hearing. See id. at 4-5.

## II. DISCUSSION

As an initial matter, the Court notes that the parties are in agreement on many issues. With respect to the wiretap evidence, Mr. Delaema concedes that several courts have concluded that the federal wiretap statute does not apply extraterritorially. He also concedes that "the Supreme Court's decision in United States v. Verdugo-Urguidez, 494 U.S. 259 (1990) forecloses any Fourth Amendment claim" related to the wiretap evidence. Gov. MIL Opp. at 2-3. Thus, it would appear that Mr. Delaema acknowledges that the wiretap evidence could only be suppressed (1) if this Court or the D.C. Circuit were to disagree with those courts that have concluded that the federal wiretap statute has no extraterritorial force, or (2) if the wiretap evidence was procured in a manner that "shocks the conscience," see United States v. Barona, 56 F.3d 1087, 1092 (9th Cir. 1995) – and, of course, this Court could invoke its supervisory powers to suppress evidence on that ground. See United States v. Mitro, 880 F.2d 1480, 1483 n.4 (1st Cir. 1983) (noting that "there is some debate" on this point). In addition, Mr. Delaema agrees that he is not entitled "to merely 'go on a fishing expedition'" while attempting to substantiate

4

his claim that American and Dutch investigators engaged in a joint venture. Gov. MIL Opp. at 5. Indeed, Mr. Delaema even appears to agree with the government's articulation of the joint venture doctrine – suggesting that Mr. Delaema agrees (at least generally) with the government's view of how his joint venture-related inquiries ought to be limited. See Gov. MIL Opp. at 2. In light of these many areas of agreement, the Court will grant in part and deny in part the government's motion *in limine*.

### A. Wiretap Evidence

The Court will deny without prejudice the government's request to deny before the motions hearing Mr. Delaema's motion to suppress the wiretap evidence. It may be true, as the government suggests, that Mr. Delaema will have a difficult time demonstrating that the wiretap evidence at issue here was procured in a way that "shocks the conscience." See Gov. MIL at 2-3. It may also be true – though it is by no means obvious – that even if the wiretap evidence *was* procured in a way that "shocks the conscience," the Court could not invoke its supervisory powers to suppress it. See id. Nevertheless, the Court concludes that Mr. Delaema should be permitted to elicit facts in support of his "shocks the conscience" theory at the motions hearing. Only if Mr. Delaema clears that high evidentiary bar will the Court need to address the limits of its supervisory powers. Should that latter issue arise, the Court will benefit from additional legal argument from both parties.

### B. Scope of Inquiries Regarding the Joint Venture Theory

The Court will grant the government's request to limit the scope of Mr. Delaema's inquiries in support of his joint venture theory. To be clear, the Court agrees with both parties

5

that Mr. Delaema's inquiries into this matter are necessarily limited by the scope of the joint venture doctrine itself. The Court also agrees with both parties that a joint venture arises where "(1) U.S. agents actively participate in the questioning [at issue]; (2) the foreign officials are acting as agents *or virtual agents* of the U.S. government[;] or (3) the cooperation [among American and foreign officials] was designed to evade constitutional restrictions on U.S. agents." Gov. MIL Opp. at 2 (citing United States v. Maturo, 982 F.2d 57 (2d Cir. 1992); United States v. Karake, 443 F. Supp. 2d 8 (D.D.C. 2006); United States v. Abu Ali, 395 F. Supp. 2d 338 (E.D. Va. 2005); United States v. Bin Laden, 132 F. Supp. 2d 168 (S.D.N.Y. 2001)).[2] Thus, the Court will permit Mr. Delaema to ask questions that are likely to elicit facts relevant to whether the investigation at issue falls within the above definition of a "joint venture." The Court will not permit Mr. Delaema to ask questions that are not likely to elicit facts relevant to that question. Accordingly, it is hereby

ORDERED that the government's Motion *in Limine* for Rulings Prior to Motions Hearing [53] is GRANTED in part and DENIED in part.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: October 17, 2008

---

[2] It appears that the parties' articulations of the joint venture doctrine differ only in that the government's does not include the phrase "or virtual agents." See Gov. MIL at 10. If the inclusion of this phrase in Mr. Delaema's articulation indicates a difference between the parties, it is not a major one.